959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas A. ERICKSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Secretary of Treasury, Defendant-Appellee.
 No. 90-35664.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1992.*
Decided April 9, 1992.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 Background
 
 2
 Appellant Douglas Erickson, in propria persona, did not file federal income tax returns for the years 1977-1981. In June of 1983, the Internal Revenue Service ("IRS") mailed Erickson a notice of deficiency, informing him of the amount owed and how it was calculated. The notice stated Erickson could contest the deficiency by filing a petition in the United States Tax Court within 90 days. He was further notified that if he chose not to file a petition, he could limit interest accumulation by signing an attached waiver; if he chose neither to file the petition nor to sign the waiver, he would be assessed and billed for the deficiency after 90 days. Erickson did not respond.
 
 
 3
 On July 16, 1984, the IRS assessed taxes against Erickson. The same day, the IRS sent Erickson a notice of assessment and demand for payment, but mailed it to the wrong address. On November 18, 1984, the IRS filed a notice of federal tax lien in the county auditor's office.
 
 
 4
 In 1988, a revenue officer assigned to collect taxes owed by Erickson's parents seized a pickup truck registered to Erickson's father. Shortly thereafter, Erickson and his father informed the officer the truck actually belonged to Erickson. After discovering Erickson also owed taxes, the officer released the truck and gave Erickson a notice of intention to levy and a written determination that collection of Erickson's taxes was in jeopardy, which allowed the officer to re-seize the truck immediately. The IRS sold the truck later that year.
 
 
 5
 In February of 1990, Erickson brought this action against the United States, claiming he had received insufficient notice of assessment and requesting, inter alia, orders quieting title to all of his property including his pickup truck and enjoining the IRS from collecting the taxes assessed against him. Erickson then filed several documents which the court treated as a motion for summary judgment, and also filed what Erickson deemed an "alternative" motion for continuance under Federal Rule of Civil Procedure 56(f). The government filed a cross-motion for summary judgment, arguing the district court had no jurisdiction to hear Erickson's claims, and if it did, it should grant the cross-motion because the IRS had used proper procedures. Erickson then moved to strike certain documents attached to the government's cross-motion.
 
 
 6
 The district court denied Erickson's motions and granted the government's summary judgment motion. Erickson appeals the denial of his motion for continuance and motion to strike and the grant of summary judgment for the government.
 
 Motion for Continuance
 
 7
 Federal Rule of Civil Procedure 56(f) permits the district court to order a continuance to allow further discovery when "it appear[s] from the affidavits of a party opposing [a summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition...." We review for abuse of discretion the district court's refusal to permit further discovery before ruling on the summary judgment motions. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991).
 
 
 8
 A party who desires further discovery before the court rules on a summary judgment motion must "invoke rule 56(f) by submitting affidavits that indicate why he cannot then present facts essential to justify his opposition to summary judgment." Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir.1991). The memorandum in support of Erickson's motion, which included no affidavit, did not explain why he could not yet present the essential facts. It stated only: "[Erickson] believes that his evidence before the Court is sufficient for the relief requested, but has moved the Court in the alternative, for a Rule 56(f) continuance to complete his discovery in the event the court should find that his evidence before it now is insufficient." The district court did not abuse its discretion in refusing to grant a continuance.
 
 Motion to Strike
 
 9
 In support of its cross-motion for summary judgment, the government filed the declaration of a United States Department of Justice attorney, who attached to her declaration copies of a Certificate of Assessment and Payment ("Form 4340") for Erickson. Erickson argued Form 4340 was not properly authenticated and was also inadmissible hearsay as it was not a "real public record." We review the court's refusal to strike for abuse of discretion. Hughes v. United States, 953 F.2d 531, 539 (9th Cir.1992).
 
 
 10
 We recently considered and rejected identical evidentiary challenges to the admissibility of Form 4340. Id. at 539-40. The district court did not abuse its discretion in refusing to strike Form 4340.
 
 
 11
 Summary Judgment on Request for Injunctive Relief
 
 
 12
 Erickson sought an injunction barring the INS "from seeking to enforce by lien, levy, sale or otherwise" the taxes, interest and penalties assessed against him. Unless his claim for injunctive relief fell within one of the statutory or judicial exceptions to the Anti-Injunction Act, 26 U.S.C. § 7421, the district court correctly dismissed it for lack of subject matter jurisdiction. See Elias v. Connett, 908 F.2d 521, 523 (9th Cir.1990); 26 U.S.C. § 7421(a) (barring any "suit for the purpose of restraining the assessment or collection of any tax").
 
 
 13
 Erickson cannot claim a statutory exception based on his contention, discussed further below, that the IRS failed to issue a valid notice of assessment and demand for payment pursuant to 26 U.S.C. § 6303(a). "There is no statutory exception to the Anti-Injunction Act for general failures to follow assessment procedures.... [A]lthough an exception is available where an invalid notice and demand renders the IRS's tax lien invalid, that exception is available only for persons other than the taxpayer." Elias, 908 F.2d at 524 n. 4.
 
 
 14
 Nor is Erickson covered by the judicial exception, under which he must "demonstrate that: (1) under no circumstances can the government ultimately prevail on the merits; and (2) [he] will suffer irreparable injury without injunctive relief." Id. at 525. Erickson has failed to establish he will suffer irreparable injury unless the government is enjoined from collecting his assessed taxes; irreparable harm is not established when a taxpayer " 'fail[s] to show that he will suffer more than mere monetary harm or financial hardship if denied relief'." Hughes, 953 F.2d at 536 (quoting Elias, 908 F.2d at 526).
 
 
 15
 Finally, even if Erickson could establish his claim satisfied an exception to the Anti-Injunction Act, it would have to be dismissed because he cannot "allege sufficient grounds to warrant equitable relief." Elias, 908 F.2d at 523. "To establish equitable grounds for an injunction, the taxpayer must show that he has no adequate remedy at law and that denial of injunctive relief would cause him immediate, irreparable injury." Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.1987). As we have said, Erickson has not established irreparable harm. Moreover, because he has failed to demonstrate he cannot pay his assessed liabilities, he cannot show he has no adequate remedy at law; he was given the opportunity to petition the Tax Court for review and even now can file an action for refund if he pays the assessments. See Elias, 908 F.2d at 526.
 
 
 16
 Summary Judgment on Request for Order Quieting Title
 
 
 17
 Erickson argues the Anti-Injunction Act does not apply to his request for orders quieting title to his pickup truck and to his other property in which the government asserts a lien interest. Rather, he contends, those claims are governed by 28 U.S.C. § 2410(a)(1), which provides: "[T]he United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." Section 2410(a) waives sovereign immunity and vests the district court with jurisdiction to hear actions within its scope. Hughes, 953 F.2d at 538.
 
 
 18
 Erickson correctly maintains section 2410(a) will support an attack on the procedural validity of the IRS's lien, as opposed to a collateral attack on the merits of the underlying assessment. Id. However, because the government sold Erickson's pickup truck in 1988, well before he initiated this lawsuit, the district court properly decided it could not entertain his request for an order quieting title to the truck. See id. ("If the government has sold the property prior to the filing of the suit, and no longer claims any interest in the property, § 2410 does not apply.").
 
 
 19
 The district court did have jurisdiction to entertain Erickson's request for an order quieting title to his remaining property. Erickson claimed the government's lien interest was invalid because the IRS failed to send a notice of assessment and demand for payment within sixty days of the assessment as required by 26 U.S.C. § 6303(a),[1] a ground cognizable in a section 2410(a) action. See Hughes, 953 F.2d at 538. However, the claim fails on the merits. Although the IRS concedes the notice of assessment and demand for payment was sent to the wrong address, the district court found, and the record shows, Erickson was sent a notice of deficiency before the assessment and a notice of intention to levy before the truck was seized. Those notices contained the information section 6303(a) requires: a statement of the amount owed and a request for payment thereof. Erickson's claim that the notices and demands for payment he received did not satisfy section 6303(a) because one was sent before the assessment and one far longer than sixty days after it foreclosed by Hughes. See id. at 536, 538 (although IRS presented no evidence it mailed notice of assessment and demand, taxpayers' section 2410(a) claim failed because they received pre-assessment notice of deficiency and pre-seizure notice of intention to levy, inter alia; those notices "were sufficient because 'the form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a)' ") (quoting Elias, 908 F.2d at 525); see also United States v. Friedman, 739 F.2d 252, 256 (7th Cir.1984) (taxpayers who receive actual written notice of their potential liability shortly before assessment have received protections offered by section 6303(a); further, Treas.Reg. § 301.6303-1(a) implementing section 6303(a) provides that "failure to give notice within 60 days does not invalidate the notice").
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 26 U.S.C. § 6303(a) provides in pertinent part:
 [T]he Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax ..., give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.