Louie N. ELIAS, Plaintiff–Appellant,

v.

W.H. CONNETT, et al.,
Defendants–Appellees.

Nos. 88–6232, 89–55041.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 1990.

Decided July 16, 1990.

Louie N. Elias, Malibu, Cal., pro se.

William S. Estabrook, Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before ALARCON, BRUNETTI and O'SCANNLAIN, Circuit Judges.

ALARCON, Circuit Judge:

Louie N. Elias appeals pro se from the denial of his motion for preliminary injunction and from the dismissal of his first amended complaint for failure to state a claim upon which relief may be granted.[1]

Elias contends that the Internal Revenue Service (IRS) improperly assessed and collected taxes against him for the tax years 1974 through 1979, 1981, and 1982. He also contends that the United States waived its sovereign immunity to suit pursuant to 28 U.S.C. § 2410. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1). We affirm.

I

On December 19, 1984, the IRS sent Elias a statutory notice of deficiency for unpaid taxes, penalties, and interest for the tax years 1974 through 1979. On September 9, 1985, the IRS sent Elias notices on IRS Form 6641, setting forth his assessed tax deficiencies for the years 1974 through 1978. Elias failed to pay the assessments for any of the tax years in question. The IRS thus levied on Elias's funds held by Warner Brothers, Inc., Paramount Pictures Corp., Twentieth Century Fox, Universal Studios, Inc., A.S. Payroll Co., Inc., the Screen Actors Guild, and the Valley State Bank.

On March 31, 1988, Elias filed a complaint in the federal district court for the Central District of California. The complaint named W.H. Connett, District Director of the IRS in Van Nuys, California, W. Legare and James Keating, IRS revenue officers, and the United States as defendants. Elias sought (1) compensatory and punitive damages, and (2) injunctive relief to restrain the IRS from further attempting to collect the tax deficiencies assessed against him. The district court construed Elias's request for injunctive relief as a motion for preliminary injunction. The court held a hearing on the preliminary injunction issue, and on May 9, 1988, denied the motion on the ground that Elias was not entitled to equitable relief.

---

1. Elias's wife, Carol Elias, was a party to the district court proceedings but did not sign the notices of appeal. In both cases, Elias apparently signed the notice of appeal for himself and his wife. Elias argues on several bases that this court nevertheless has jurisdiction over her appeal.

In this circuit, however, pro se appellants must personally sign the notice of appeal. *Carter v. Commissioner,* 784 F.2d 1006, 1008 (9th Cir.1986). Therefore, any issues pertaining to Carol Elias's tax liabilities are not considered in this appeal. *See id.* (court lacked jurisdiction to hear wife's appeal where husband signed notice of appeal for both of them).

On May 25, 1988, the IRS filed a motion to dismiss Elias's complaint against the United States for lack of subject matter jurisdiction. A hearing was held, and on July 25, 1988, the complaint was dismissed with leave to amend to state a quiet title action under 28 U.S.C. § 2410.[2]

Elias filed an amended complaint on August 12, 1988 naming only the United States as defendant. On December 5, 1988, the district court dismissed the complaint without leave to amend for failure to state a claim upon which relief may be granted. The court found that because Elias failed to state a cause of action under 28 U.S.C. § 2410, the United States had not waived its sovereign immunity to suit. Elias timely appeals both the denial of his motion for preliminary injunction and the dismissal of his first amended complaint.

## II

■ We review *de novo* the district court's denial of a motion for preliminary injunction for lack of subject matter jurisdiction. *Jensen v. IRS*, 835 F.2d 196, 198 (9th Cir.1987). The district court's factual findings on jurisdictional issues must be accepted unless clearly erroneous. *Id.* We review the denial of a preliminary injunction on the merits for an abuse of discretion. *Al–Kim, Inc. v. United States*, 650 F.2d 944, 948 (9th Cir.1981).

■ Actions to enjoin the assessment and collection of taxes by the IRS are narrowly limited by the Anti–Injunction Act ("Act"), 26 U.S.C. § 7421. *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313 (9th Cir. 1982). In pertinent part, the Act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. § 7421(a). There are, however, several statutory exceptions and one judicial exception to the Act. *See*

id. §§ 6212(a), (c), 6213(a), 6672(b), 6694(c), 7426(a), (b)(1), 7429(b); *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974).

The district court must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act. *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 757–58, 94 S.Ct. 2053, 2056–57, 40 L.Ed.2d 518 (1974); *Jensen*, 835 F.2d at 198. Thus, "[o]nce a taxpayer satisfies one of the exceptions to the Act, he is no longer jurisdictionally barred from seeking an injunction." *Jensen*, 835 F.2d at 198. The taxpayer, however, must, in addition to satisfying an exception to the Act, also allege sufficient grounds to warrant equitable relief. *See id.* at 198–99; *Maxfield v. United States Postal Serv.*, 752 F.2d 433, 434 (9th Cir.1984).

### A. Statutory Exceptions

Elias contends that the district court erred in denying his motion for preliminary injunction because the statutory exceptions under 26 U.S.C. §§ 6212(a) and 6213(a) are applicable. Upon determining a deficiency against a taxpayer, the IRS is authorized to send the taxpayer a notice of deficiency. 26 U.S.C. § 6212(a); *Cool Fuel, Inc.*, 685 F.2d at 312. A statutory exception to the Act is available where the IRS: (1) assesses a deficiency before a deficiency notice is mailed; or (2) assesses, levies, or collects any deficiencies during the ninety-day period after the notice is sent. 26 U.S.C. § 6213(a); *Commissioner v. Shapiro*, 424 U.S. 614, 616–17, 96 S.Ct. 1062, 1065–66, 47 L.Ed.2d 278 (1976); *Meridian Wood Prods. Co. v. United States*, 725 F.2d 1183, 1186 (9th Cir.1984).[3]

#### 1. 1974 through 1979

■ Elias does not dispute that the IRS sent him deficiency notices for the years

---

**2.** The IRS also moved to dismiss the complaint against the individual defendants for failure to effect proper service of process. The district court denied this part of the motion and allowed Elias to amend his complaint to state a *Bivens* action against the individual defendants.

**3.** In pertinent part, section 6213(a) provides that "[n]otwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court." 26 U.S.C. § 6213(a).

1974 through 1979. The record, moreover, demonstrates that the IRS did not assess, levy, or collect any of these deficiencies either before the notices were sent or during the ninety-day period after the notices were sent. Because the IRS complied with the requirements of sections 6212(a) and 6213(a), the exception to the Act under those sections is inapplicable for 1974 through 1979. *See Shapiro*, 424 U.S. at 616–17, 96 S.Ct. at 1065–66; *Meridian Wood Prods. Co.*, 725 F.2d at 1186.[4] The district court therefore lacked subject matter jurisdiction to grant Elias's request for injunctive relief for those years. *See Jensen*, 835 F.2d at 198–99.

### 2. 1981 and 1982

The IRS had also assessed tax liabilities against Elias for the years 1981 and 1982. Elias alleges that the IRS failed to send him a statutory notice of deficiency for those years. He contends that he therefore could not petition the tax court for relief and that the IRS may be enjoined from continuing its collection proceedings.[5]

The record contains no evidence that the IRS sent Elias a notice of deficiency for 1981 and 1982. On appeal, however, the IRS contends that this case presents no issue regarding Elias's *taxes* for 1981 and 1982. The IRS argues that the only assessments against Elias for those years were for penalties imposed under 26 U.S.C. § 6682.[6] For that reason, the IRS contends, deficiency notices for those years were not required.

The deficiency notice requirements of sections 6212 and 6213 are limited to taxes imposed under subtitles A and B of the Internal Revenue Code ("Code"). *Shaw v. United States*, 331 F.2d 493, 494–96 (9th Cir.1964); *accord Souther v. Mihlbachler*, 701 F.2d 131, 132 (10th Cir.1983) (per curiam). Section 6682(c), a part of subtitle F of the Code, provides that "[s]ubchapter B of chapter 63 (relating to deficiency procedures for income, estate, gift, and certain excise taxes) shall not apply in respect to the assessment or collection of any penalty imposed by subsection [6682(a)]." 26 U.S.C. § 6682(c).

The record lends some support to the IRS's argument. The clerk's record contains certificates of assessment indicating that the only assessments against Elias for 1981 and 1982 were for section 6682 penalties. At the May 9, 1988 hearing, however, the district court noted that the IRS assessed both taxes and penalties against Elias for 1981 and 1982. Moreover, the IRS itself stated that "[a]pparently the Internal Revenue Service also assessed against the taxpayer, Louie Elias, income taxes for 1981, 1982 and 1983, in the approximate amount of $11,000, together with a 100–percent penalty in the approximate amount of $6,000." Government's Opposition to Application for Injunction, CR 11 at 2.

We are thus faced with a factual dispute over whether the assessments for 1981 and 1982 were solely for section 6682 penalties or for both taxes and penalties. If the IRS is correct, then the district court lacked

---

**4.** Furthermore, Elias has failed to allege any facts suggesting that another statutory exception applies for those years. Elias alleges that the IRS failed to issue a valid notice of assessment and demand for payment pursuant to 26 U.S.C. § 6303 and that the government's assessment procedures were improper. The district court did not address either of these allegations in determining whether a statutory exception applied in this case.

Nevertheless, Elias cannot claim a statutory exception based on those allegations. There is no statutory exception to the Anti–Injunction Act for general failures to follow assessment procedures. *See* 26 U.S.C. § 7421(a). Also, although an exception is available where an invalid notice and demand renders the IRS's tax lien

invalid, that exception is available only for persons other than the taxpayer. *See id.* § 7426; *Shannon v. United States*, 521 F.2d 56, 59 (9th Cir.1975), *cert. denied*, 424 U.S. 965, 96 S.Ct. 1458, 47 L.Ed.2d 731 (1976).

**5.** In pertinent part, section 6213(a) provides that "[w]ithin 90 days ... after the notice of deficiency authorized in section 6212 is mailed ... the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." 26 U.S.C. § 6213(a).

**6.** Section 6682 provides for a $500 penalty where a taxpayer furnishes the IRS with false information with respect to withholding. *See* 26 U.S.C. § 6682(a).

subject matter jurisdiction to consider Elias's claim for injunctive relief because the deficiency procedures under sections 6212 and 6213 were inapplicable. *See* 26 U.S.C. § 6682(c). If Elias is correct then the court did have jurisdiction to consider his claim. We need not resolve this dispute, however, for even assuming that the district court had subject matter jurisdiction for 1981 and 1982, we find, as discussed in section IIC, *infra*, that Elias has failed to allege sufficient grounds to warrant equitable relief.[7]

### B. Judicial Exception

■ Elias also contends that the judicial exception to the Act applies in this case. The judicial exception to the Act requires the taxpayer to demonstrate that: (1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief. *Maxfield*, 752 F.2d at 434. The taxpayer bears the burden of pleading and proving facts to show that the government cannot ultimately prevail. *Shapiro*, 424 U.S. at 628–29, 96 S.Ct. at 1071–72. The government need only have a good faith basis for its claim in order to obtain a dismissal. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7–8, 82 S.Ct. 1125, 1129–30, 8 L.Ed.2d 292 (1962).

Elias argues that the September 9, 1985 Form 6641 notices are not proper notices of assessment and demand for payment. According to Elias, the notices do not explicitly state that his taxes have been assessed nor do they demand or request payment. He further argues that the Form 6641 notices were not created for the purpose of providing notice and demand and therefore, the IRS issued him the wrong notice. He

concludes that the lien on his property is therefore invalid.

■ The IRS must issue the taxpayer a notice of assessment and demand for payment within sixty days after the date of assessment. 26 U.S.C. § 6303(a). The form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a).[8] *See Schiff v. United States*, 89–2 U.S. Tax Cas. (CCH) ¶ 9551, 1989 WL 119410 (D.Conn.1989); *Smith v. Malone*, 88–2 U.S. Tax Cas. (CCH) ¶ 9540, 1988 WL 126524 (W.D.Wash.1988), *aff'd*, 894 F.2d 410 (9th Cir.1990).

■ The September 9, 1985 notices set forth the taxes, penalties, and interest Elias owes for 1974 through 1978. The notices also state that Elias's account is past due and that additional interest and penalties are avoidable if he pays the account before September 19, 1985. Elias was thus notified of his liability for specific amounts of unpaid taxes and penalties. The notices, moreover, express the IRS's demand for payment by threatening to impose additional interest and penalties if Elias fails to pay. Because the notices meet the requirements of section 6303(a), we find that they constitute proper notice and demand. *See Schiff*, 892 U.S.Tax Cas. (CCH) ¶ 9551, 1989 WL 119410; *Smith*, 88–2 U.S. Tax Cas. (CCH) ¶ 9540, 1988 WL 126524.[9]

Elias also argues that he is not liable for any tax because the IRS's assessments against him were procedurally improper. He asserts that the IRS, in assessing his taxes, failed to follow the procedures set forth in the agency manuals, Internal Revenue Code, and agency regulations. Elias argues that the IRS's failure to produce

---

**7.** We note that the IRS's contention that only section 6682 penalties were assessed against Elias for 1981 and 1982 is based on evidence that was not before the district court at the time Elias's motion for preliminary injunction was denied. Therefore, we cannot say that the court's finding that both taxes and penalties were assessed for those years is clearly erroneous. *See Jensen*, 835 F.2d at 198. Accordingly, the court properly considered whether Elias was entitled to injunctive relief.

**8.** Section 6303(a) provides that the IRS must "give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." 26 U.S.C. § 6303(a).

**9.** Moreover, Elias's certificates of assessment identify the September 9, 1985 notices as "First Notice Issued." The certificates also indicate that notice and demand was made for 1979, 1981, and 1982.

documentation of his assessment leads to the conclusion that no valid assessment against him exists.

■ Elias does not, however, offer any supporting evidence for his allegations. His bare assertions are not sufficient to carry his burden of demonstrating that the IRS cannot ultimately prevail on the merits. *See Shapiro*, 424 U.S. at 628–29, 96 S.Ct. at 1071–72. The record indicates to the contrary that the IRS has a good faith claim in this case. *See Enochs*, 370 U.S. at 7–8, 82 S.Ct. at 1129–30. Because Elias has not shown that the IRS cannot ultimately prevail on its claim, the district court did not have subject matter jurisdiction under the judicial exception to the Act. *See Shapiro*, 424 U.S. at 628–29, 96 S.Ct. at 1071–72.

C. Equitable Relief

■ We next consider whether Elias has alleged sufficient grounds to warrant equitable relief. *See Jensen*, 835 F.2d at 198–99; *Maxfield*, 752 F.2d at 434. We find that he has not.

Elias contends that he cannot pay liabilities exceeding $100,000 and is therefore precluded from bringing a refund suit. He further contends that he is unable to petition the tax court for relief because he did not receive notices of deficiency for 1981 and 1982. Elias also asserts that he has been evicted from his residence, has been deprived of the necessities of life, and is now destitute. He concludes that injunctive relief is warranted because he has no adequate remedy at law and has suffered irreparable harm.

Elias has not offered any evidence to support his claim that he cannot pay his assessments. In *Jensen v. IRS*, 835 F.2d 196 (9th Cir.1987), this court considered a taxpayer's arguments similar to Elias's contentions here. *See id.* at 198. The taxpayer in *Jensen* alleged that he lost the opportunity to challenge his deficiency in the tax court because the IRS failed to send him a notice of deficiency. *Id.* He further alleged that he could not pay the deficiency. *Id.* The record contained evidence of the taxpayer's monthly income, the portion of his income being seized by the IRS, and the amount left to support the taxpayer and his family. *Id.* Based on that evidence, we concluded that the taxpayer suffered more than mere monetary harm because he was deprived of the ability to give his family the necessities of life and had lost a valuable administrative remedy. *Id.* We held that the allegations were sufficient to support a claim for injunctive relief. *Id.* at 199.

In contrast, the record here contains no evidence of Elias's income, the portion of his income subject to the IRS's levy, or the amount left over after the levy. Elias merely states that he has not been allowed to keep $75.00 per week pursuant to 26 U.S.C. § 6334.[10] Although Elias may have lost the opportunity to challenge his deficiencies for 1981 and 1982 in the tax court, he has failed to demonstrate that he cannot pay his assessed liabilities for those years.[11] Elias has a remedy at law. He can pay the assessments and file an action for a refund. *See Cool Fuel, Inc.*, 685 F.2d at 314.

Finally, Elias offers no evidence to support his allegations of irreparable harm. *Jensen*, 835 F.2d at 198–99. Elias has failed to show that he will suffer more than mere monetary harm or financial hardship if denied relief. *See Sampson v. Murray*, 415 U.S. 61, 88–92, 94 S.Ct. 937, 951–54, 39 L.Ed.2d 166 (1974); *Wood v. Sargeant*, 694 F.2d 1159, 1161 (9th Cir.1982); *Monge v.*

---

**10.** Section 6334 exempts certain property of the taxpayer from the IRS's levy. The exempt amount of wages, salary, or other income is determined under subsections 6334(a)(9) and (d). For individuals receiving salary, wages, or other income on a weekly basis, subsection (d) provides that $75 per week shall be exempt from levy. 26 U.S.C. § 6334(a)(9), (d). There is no evidence in the record that Elias was receiving his income on a weekly basis.

**11.** The record indicates that as of February 22, 1988, Elias owed approximately $10,200 for 1981 and 1982. The trial judge found that Elias's tax liability totaled approximately $17,000. The judge's total included, however, assessments against Elias for taxes and penalties incurred in 1983, 1985, and 1986.

*Smyth,* 229 F.2d 361, 366 (9th Cir.), *cert. denied,* 351 U.S. 976, 76 S.Ct. 1055, 100 L.Ed. 1493 (1956).

Because Elias has an adequate remedy at law and has not shown that he will suffer irreparable harm if denied relief, he is not entitled to equitable relief. *See Jensen,* 835 F.2d at 198–99. The district court did not abuse its discretion in denying his motion for preliminary injunction. *See Al-Kim, Inc.,* 650 F.2d at 948.

### III

■ We review *de novo* the district court's dismissal of a complaint for failure to state a claim upon which relief may be granted. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1554 (9th Cir.1990). "A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)), *cert. denied, Wyoming Community Dev. Auth. v. Durning,* 484 U.S. 944, 108 S.Ct. 330, 98 L.Ed.2d 358 (1987). In considering a motion to dismiss for failure to state a claim, the district court may consider material properly submitted as part of the complaint. *Hal Roach Studios, Inc.,* 883 F.2d at 1441 n. 18; *see also Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988) (stating that the district court may properly look beyond the complaint to items in the record of the case).

Elias contends that the United States waived its sovereign immunity to suit in this case because his action is one to quiet title under 28 U.S.C. § 2410(a) and challenges only the procedural validity of the IRS's lien. He argues that because he is a pro se litigant whose pleadings should be liberally construed, the district court erred in finding that he failed to state a cause of action. We disagree.

The United States is a sovereign entity and may not be sued without its consent. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). Absent its consent to suit, an action against the United States must be dismissed. *Id.*

■ Under 28 U.S.C. § 2410, the United States may be joined as a party to a quiet title action affecting property upon which it claims a lien. 28 U.S.C. § 2410(a); *Bank of Hemet v. United States,* 643 F.2d 661, 664 (9th Cir.1981).[12] A taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment. *United States v. Polk,* 822 F.2d 871, 872 n. 1 (9th Cir.1987). Rather, the taxpayer may only contest the procedural validity of a tax lien. *United States v. Coson,* 286 F.2d 453, 456 (9th Cir.1961).

In support of his contention, Elias alleges that: (1) his tax deficiency is null and void; (2) a lawful assessment against him does not exist; (3) he is not liable for any 26 U.S.C. § 6672 penalties; and (4) his assessment is invalid because he was not issued a notice of deficiency for 1981 and 1982. These allegations address the merits of Elias's assessment rather than the procedural validity of the IRS's lien. Therefore, they do not support Elias's claim that he has stated a quiet title cause of action under section 2410(a). *See Polk,* 822 F.2d at 872 n. 1.

Elias also alleges, however, that the IRS's lien is invalid because the IRS did not send him a valid notice of assessment and demand for payment under 26 U.S.C. § 6303(a). While this allegation challenges the procedural validity of the IRS's lien because notice and demand on a taxpayer must be made before a tax lien can attach to the taxpayer's property, *see* 26 U.S.C. § 6321,[13] it fails to support Elias's asserted section 2410 cause of action.

---

**12.** In pertinent part, section 2410(a) provides:

[T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—(1) to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien. 28 U.S.C. § 2410(a).

**13.** Under section 6321, "[i]f any person liable to pay any tax neglects or refuses to pay the same *after demand,* the amount ... shall be a lien in

As discussed in section IIB, *supra,* the Form 6641 notices issued to Elias and attached as exhibits B–B4 of the original complaint are valid because they satisfy the requirements of 26 U.S.C. § 6303(a). *See Smith,* 88–2 U.S. Tax Cas. (CCH) ¶ 9540, 1988 WL 126524. Accordingly, Elias's allegation does not support his claim that the IRS's lien is procedurally invalid. Since Elias alleges nothing further to challenge the procedural validity of the lien, his section 2410(a) action must fail. *See Coson,* 286 F.2d at 456.

■ Because Elias failed to state a 28 U.S.C. § 2410(a) cause of action, the United States did not waive its sovereign immunity to suit. *See Bank of Hemet,* 643 F.2d at 664. The district court properly dismissed Elias's first amended complaint for failure to state a claim upon which relief may be granted. *See Coson,* 286 F.2d at 457.

### IV

The district court did not have subject matter jurisdiction to consider Elias's request for injunctive relief for the years 1974 through 1979. Moreover, the court did not abuse its discretion in denying the request for the years 1981 and 1982 because Elias failed to allege sufficient grounds to warrant equitable relief. Finally, the United States did not waive its sovereign immunity to suit because Elias failed to state a claim for relief under 28 U.S.C. § 2410. Therefore, the district court properly dismissed Elias's complaint.

AFFIRMED.

favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321 (emphasis added).