**Don BEAR, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL, REVENUE SERVICE, Defendant.**

**No. CY–91–3031–AAM.**

United States District Court, E.D. Washington.

May 9, 1991.

Don Bear, plaintiff, appearing pro se.

William D. Hyslop, U.S. Atty., Robert A. Ellis, Asst. U.S. Atty., Yakima, Wash., for defendant.

## ORDER

McDONALD, District Judge.

Don Bear, plaintiff *pro se*, seeks to enjoin the Commissioner of the Internal Revenue Service (hereafter Commissioner) from "seizing any property belonging to Plaintiff or deducting from amounts due Plaintiff any amount demanded in the Department of Treasure [sic], Internal Revenue Service, Notice of Intention To Levy for the year of 1983 until Plaintiff's Motion for Preliminary Injunction can be heard and determined...." (CR 2, Plaintiff's Application for Temporary Restraining Order, p. 1). Factually, Bear contends that the IRS failed to mail his Notice of Deficiency as required by 26 U.S.C. § 6212.

■ Actions to enjoin the assessment and collection of taxes by the IRS are narrowly limited by the Anti–Injunction Act, 26 U.S.C. § 7421. *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir.1990). While the section 7421(a) provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, several exceptions are recognized. *Elias*, 908 F.2d at 523. If a suit does not fall within one of the exceptions to the Act, subject matter jurisdiction does not exist and this court must dismiss. *Id.* To obtain injunctive relief the taxpayer must, in addition to satisfying one of the recognized exceptions, allege sufficient grounds to warrant equitable relief. *Id.*

■ Upon determining a deficiency, the IRS is authorized to send the taxpayer a notice of deficiency. 26 U.S.C. § 6212(a). Section 6213(a) requires the IRS to give notice to the taxpayer before it may assess or collect any deficiency. A notice of deficiency is valid, even if it is not received by the taxpayer, if it is mailed to the taxpayer's last known address. *King v. C.I.R.*, 857 F.2d 676, 679 (9th Cir.1988). A presumption exists that a taxpayer's last known address is the address on his or her most recent return. *Id.* Notice of deficiency mailed to that address will be sufficient, unless the taxpayer subsequently communicates "clear and concise" notice to the IRS of a change of address.

■ Bear contends that in June of 1986 the IRS sent a Notice of Deficiency to his old Las Vegas address when the IRS knew he had moved to Tucson in 1983. Bear claims the IRS's knowledge of his move to Tucson is reflected in a letter sent from the IRS to him in 1984 which exhibits a pre-printed label showing Bear's Tucson address. Bear has attached copies of the

foregoing documents which, if authentic, support his claim.

Bear, however, must also allege sufficient grounds to warrant equitable relief. *Elias*, 908 F.2d at 523. Specifically, Bear must show that he has no adequate remedy at law and that he will suffer immediate, irreparable injury. *Id.* Bear has failed to so show.

While Bear contends that he cannot pay the deficiency and will suffer irreparable harm, he has not supported his allegations with any documentation. Bear has failed to show he will suffer more than financial hardship if denied relief. Moreover, he has a remedy at law. Bear can pay the assessments and file an action for a refund. *Id.*

In light of the foregoing, IT IS HEREBY ORDERED that plaintiff's Motion for a Temporary Restraining Order be DENIED.