967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Herbert K. McKIRGAN, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE; Mike Kolpack, Defendant-Appellee.
 No. 91-35235.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1992.*
Decided June 15, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Herbert McKirgan ("McKirgan") appeals the granting of the government's motion to dismiss. We affirm.
 
 
 3
 McKirgan contends that the district court erred in considering sources other than the pleadings without giving notice to the parties. As the district court stated, however, the government's motion to dismiss for lack of jurisdiction was a factual attack, so that it was appropriate for the district court to consider materials outside of the pleadings. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir.), cert. denied, 493 U.S. 993 (1989). Moreover, there is no requirement in such circumstances that the district court give notice to the parties that it is considering such sources. Id.
 
 
 4
 With respect to McKirgan's claim that he was entitled to recover funds already collected by the IRS, 26 U.S.C. § 7422(a) bars suit for the recovery of taxes collected unless "a claim for refund or credit has been duly filed" with the IRS. Id. McKirgan has not alleged that he has filed such a claim. The district court therefore properly held that he cannot maintain his request for recovery of the funds.
 
 
 5
 The district court also correctly ruled that it had no jurisdiction over his request for injunctive relief because the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars such relief. McKirgan invokes statutory exceptions to the Anti-Injunction Act, but they are not applicable. McKirgan's reliance on 26 U.S.C. 6303 as an implicit statutory exception to the Anti-Injunction Act is unavailing, because our cases do not support his contention that it is such an exception. See Elias v. Connett, 908 F.2d 521, 524 n. 4 (9th Cir.1990). 26 U.S.C. §§ 6212(a) and 6213(a) are statutory exceptions to the Anti-Injunction Act, but McKirgan cannot rely on them because he acknowledges that he received the deficiency notices, and he has failed to identify any defects in them. McKirgan similarly cannot avail himself of the judicial exception to the Anti-Injunction Act, as he has failed to show "that under no circumstances could the Government ultimately prevail." Enochs v. Williams Packing Co., 370 U.S. 1, 7 (1962). The government's presentation of certificates of assessments established a prima facie case that the government assessed the taxes properly and sent the required notices. McKirgan failed to overcome this prima facie case, much less meet his "burden of showing that the assessment is baseless." Shildcrout v. McKeever, 580 F.2d 994, 997 (9th Cir.1978).
 
 
 6
 We also reject McKirgan's contention that the district court had jurisdiction over his claim for declaratory relief under 28 U.S.C. § 2410. Section 2410 is a limited waiver of sovereign immunity, but it is inapplicable here, as McKirgan is challenging the merits of the assessments against him. Elias v. Connett, 908 F.2d at 527 ("A taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment."). His entire claim for relief belies his attempt to characterize his claim as one based solely on procedural irregularity in the lien.
 
 
 7
 For the foregoing reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3