978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Irwin KOFF; Darline Ruth Koff, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-16839.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 23, 1992.
 
 Before FERGUSON, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Irwin and Darline Koff ("the Koffs"), acting pro se, brought suit pursuant to 28 U.S.C. § 2410(a) to quiet title to certain of their property on which the IRS had placed federal tax liens. The Koffs alleged that the liens were procedurally defective, hence invalid, because the IRS had failed to make an appropriate assessment under section 6203 of the Internal Revenue Code. The district court, citing this court's decision in Elias v. Connett, 908 F.2d 521 (9th Cir.1990), concluded that such a challenge amounted to a collateral attack on the merits of the assessment, and as such could not be maintained under the guise of an action to quiet title.
 
 
 3
 We agree. Section 2410(a) serves to abrogate the United States' sovereign immunity from suit only with respect to procedural challenges to the validity of its liens. In Elias we held that a taxpayer's allegation that "a lawful assessment against him does not exist" goes to "the merits of [the] assessment rather than the procedural validity of the IRS's lien," and therefore is insufficient to state a claim under section 2410(a). 908 F.2d at 527. Cf. United States v. Polk, 822 F.2d 871 (9th Cir.1987) (allegation that tax lien was improperly filed with county recorder by IRS treated as procedural attack supporting quiet title action under section 2410(a)). The district court properly refused to entertain the Koffs' challenge to the appropriateness of the procedures employed in effecting the assessment, which goes to the merits thereof.[1]
 
 
 4
 The Koffs further allege that the lien was procedurally defective because the IRS failed to comply with section 6203's requirement that, "[u]pon request of the taxpayer, the secretary shall furnish the taxpayer a copy of the record of the assessment." 26 U.S.C. § 6203. The Koffs argue that this section entitles them to a copy of the actual document by which the assessment was effected, namely, the "summary record of assessment" on Form 23C. See 26 C.F.R. § 301.6203-1 ("The assessment shall be made by an assessment officer signing the summary record of assessment."). They insist that the Certificates of Assessments and Payments on Form 4340 which the government has produced in connection with this litigation are insufficient to satisfy section 6203, despite the fact that they meet the requirements of the regulations promulgated thereunder. See id. ("If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.").
 
 
 5
 We need not reach the question of whether the above regulation represents a permissible interpretation of section 6203. The Koffs' arguments on this point are tantamount to an attack on the merits of the underlying assessment, and must therefore be rejected. Their principal contention on appeal is that the failure of the government to produce the signed "summary record of assessment" indicates that no such document exists, and thus that a valid assessment was not effected. This, quite plainly, is a challenge to the assessment, rather than to the procedures followed in creating the lien after the assessment was made. It is only the latter sort of challenge that may be brought in an action to quiet title under 28 U.S.C. § 2410(a). The district court thus correctly refused to consider this allegation.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The district court proceeded to construe the Koffs' suit as an allegation that they had not received the notice of assessment and demand for payment required by 26 U.S.C. § 6303(a). As our cases have recognized, this type of allegation, which goes to whether the IRS's lien is enforceable rather than whether its assessment is valid, represents a claim of procedural irregularity cognizable under section 2410(a). See Hughes v. United States, 953 F.2d 531, 538-39 (9th Cir.1992) (citing Elias, 908 F.2d at 527-28). In this instance, the district court granted summary judgment in favor of the government, finding that there was ample evidence that notice and demand had been received. The Koffs do not appeal the propriety of this finding