991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Myron KANTOR; Jeanne B. Kantor, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-36643.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayers Myron and Jeanne B. Kantor appeal pro se from the district court's summary judgment in favor of the Internal Revenue Service ("IRS") in the Kantors' 28 U.S.C. § 2410 quiet title action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 The Kantors contend that the IRS's tax liens against their property are invalid because the Kantors never received notice and demand for payment of taxes as required under 26 U.S.C. § 6303(a). This contention lacks merit.
 
 
 4
 Section 6303(a) provides in pertinent part that:
 
 
 5
 [T]he Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax ..., give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.
 
 
 6
 Here, the government submitted two Certificates of Assessment and Payments, known as Forms 4340. These forms contain a record of taxes assessed against the Kantors and a record of when the notice and demand payments were sent. The forms constitute presumptive evidence that proper assessments had been made. See Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992). Moreover, because the 4340 forms also indicate that the Kantors received notices from the IRS which requested payment and informed the Kantors of the amount they owed, the IRS complied with section 6303's notice and demand requirements. See id. (" 'the form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a)' ") (quoting Elias v. Connett, 908 F.2d 521, 525 (9th Cir.1990)).[1] Thus, the district court did not err by granting summary judgment for the IRS. See Hughes, 953 F.2d at 536.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject the Kantors' contention that the 4340 forms were improperly entered into evidence. See Hughes, 953 F.2d at 539. Moreover, we refuse to consider the Kantors contention, apparently raised for the first time in their reply brief on appeal, that they never admitted receiving the 4340 forms. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992) (we decline to consider issues raised for the first time on appeal)