995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard A. BAY, Plaintiff-Appellant,
v.
UNITED STATES of America; Arvid Sjogren; et al.,
Defendants-Appellees.
 No. 92-35584.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard A. Bay appeals pro se the district court's partial summary judgment for the United States in his action to quiet title to real property seized and sold by the Internal Revenue Service (IRS) to collect income taxes Bay owed for the tax years 1979 and 1980. In its order granting in part and denying in part Bay's and the United States' motions for summary judgment, the district court held that the IRS had not complied with the notice requirements of 26 U.S.C. § 6335 in seizing and selling Bay's property, and that the sale therefore was invalid. In the portion of the order which is the subject of this appeal, the district court held that the IRS had made valid assessments of tax, interest, and penalties against Bay, that the IRS sent the required notices and demands for payment, and that the tax liens against the property therefore were valid. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "This court reviews a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law." Americana Trading Inc. v. Russ Berrie & Co., 966 F.2d 1284, 1287 (9th Cir.1992).
 
 
 4
 Bay contends that the IRS's tax liens against his property are invalid because the IRS never properly assessed the taxes owed, and because Bay never received notice of the assessments and intent to levy and demand for payment of taxes as required under 26 U.S.C. §§ 6303(a) and 6331(d). These contentions lack merit.
 
 
 5
 Certificates of Assessments and Payments (Form 4340) "can constitute proof of the fact that the assessments actually were made." Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992).
 
 
 6
 In pertinent part, section 6303(a) provides that:
 
 
 7
 [T]he Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax ..., give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.
 
 
 8
 26 U.S.C. § 6303(a). Section 6331(d) provides for written notice to the taxpayer at least ten days prior to a levy made on the taxpayer's property. 26 U.S.C. § 6331(d)(2). Such notice must be given in person, left at the taxpayer's dwelling or usual place of business, or sent by certified or registered mail to the taxpayer's last known address. Id.
 
 
 9
 Here, the government submitted a Certificate of Assessments and Payments, known as Form 4340, in support of its motion for summary judgment. This form contains a record of taxes assessed against Bay and a record of when the notices and demands for payment were sent. The form constitutes presumptive evidence that proper assessments were made, and Bay presented insufficient evidence to defeat this presumption. See Hughes, 953 F.2d at 535. Moreover, because the 4340 form also indicates that the IRS sent Bay notices that requested payment, informed him of the amount he owed, and informed him of the IRS's intent to levy on his property, the IRS complied with section 6303(a)'s and 6331(d)'s notice and demand requirements. See id. at 536 (" '[t]he form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a)' ") (quoting Elias v. Connett, 908 F.2d 521, 525 (9th Cir.1990). Thus, the district court did not err by granting partial summary judgment for the IRS. See Hughes, 953 F.2d at 535-36.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3