15 F.3d 1090
 73 A.F.T.R.2d 94-1302
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DARYLE E. SWEDENBURG; MARY JO SWEDENBURG, his wife,
Plaintiffs-Appellants,
and
STEVEN M. SWEDENBURG, Plaintiff,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 92-36609.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 10, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daryle E. Swedenburg and Mary Jo Swedenburg (the Swedenburgs) appeal pro se the district court's dismissal for failure to state a claim, or alternative grant of summary judgment for the United States, in their action seeking to quiet title to real property against tax liens pursuant to 28 U.S.C. Sec. 2410. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 "We review de novo a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted." Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). Although the district court alternatively granted summary judgment for the United States, we may affirm on any ground fairly presented by the record. See New Kids on the Block v. New Am. Pub., Inc., 971 F.2d 302, 305 (9th Cir.1992).
 
 
 4
 "Under 28 U.S.C. Sec. 2410, the United States may be joined as a party to a quiet title action affecting property upon which it claims a lien." Elias, 908 F.2d at 527. We have interpreted section 2410(a) as a limited waiver of the United States' sovereign immunity in actions challenging only the procedural validity of a tax lien. Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992).
 
 
 5
 The Internal Revenue Service (IRS) is required to "issue the taxpayer a notice of assessment and demand for payment.... The form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under ... [section] 6303(a)." Elias, 908 F.2d at 525 (citation omitted).
 
 
 6
 Here, the IRS determined that the Swedenburgs were liable for tax deficiencies for the tax years 1976-1985. The IRS then imposed liens upon property owned by the Swedenburgs. In their amended complaint, despite admitting receipt of the IRS' Certificates of Assessments and Payments (Form 4340) for the taxable years in question, the Swedenburgs alleged that the IRS' liens were invalid because the IRS did not send them valid notices of assessment and demand for payment as required by section 6303(a).
 
 
 7
 Because the Form 4340 notices issued to the Swedenburgs set forth the taxes, penalties, and interest owed for the years in question, the requirements of section 6303(a) were satisfied. See Elias, 908 F.2d at 525, 527-28; see also Hughes, 953 F.2d at 540 ("IRS forms--are probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that notices and assessments were properly made."). To the extent the Swedenburgs allege a procedural violation based upon the IRS' failure to provide them with a copy of the record assessments during discovery pertaining to this litigation, we note that such an allegation only shows a potential discovery violation, not a procedural defect in the IRS' tax lien. See Hughes, 953 F.2d at 539 & n. 4. Because the Swedenburgs allege nothing further to contest the procedural validity of the liens, their 2410(a) claim must fail. See Elias, 908 F.2d at 528. Therefore, we affirm based upon the district court's dismissal of the Swedenburg's amended complaint for failure to state a claim upon which relief may be granted. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-??
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Steven M. Swedenburg was a party in the district court proceedings, he did not sign the notice of appeal. Because pro se appellants must personally sign the notice of appeal, we do not consider any issues pertaining to Steven M. Swedenburg's tax liabilities in this appeal. See Elias v. Connett, 908 F.2d 521, 522 n. 1 (9th Cir.1990)