46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George ARSHAL, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-35437.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Arshal appeals pro se the district court's dismissal for failure to state a claim of his civil rights action against the United States. Arshal alleged that a former United States Court of Claims judge violated Arshal's due process rights by conspiring with the United States in order to defeat a patent claim which Arshal brought against the United States Navy. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate and remand with instructions to dismiss the action for lack of subject matter jurisdiction.
 
 
 3
 Arshal contends that the district court erred by dismissing his claim against the United States because the government is not entitled to sovereign immunity. This contention lacks merit.
 
 
 4
 We review de novo the question of whether the United States has waived its sovereign immunity. E.J. Friedman Co., Inc. v. United States, 6 F.3d 1355, 1357 (9th Cir. 1993).
 
 
 5
 It is well-settled that the United States, as a sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction. United States v. Dalm, 494 U.S. 596, 608 (1990). The party who brings an action against the United States carries the burden of demonstrating that an act of Congress explicitly authorizes the claim. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990); Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987), cert. denied, 487 U.S. 1204 (1988).
 
 
 6
 Any waiver of the United States' immunity to suit must be unequivocally expressed and exceptions to this immunity are not to be implied. Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981); United States v. Washington, 872 F.2d 874, 877 (9th Cir. 1989). In the absence of an express waiver of sovereign immunity, the court lacks jurisdiction to consider the claim and the action must be dismissed. See Elias v. Connett, 908 F.2d 521, 527 (9th Cir. 1990).
 
 
 7
 Finally, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Sec. 1346, the district court has no jurisdiction over the United States where claims allege constitutional torts. See id. (stating that constitutional torts are founded on federal law and that the FTCA provides a waiver of sovereign immunity only for tortious acts of an agency's employees which if committed in the employ of a private person would give rise to liability under state law).
 
 
 8
 Here, Arshal alleged in his complaint that a former United States Court of Claims judge violated Arshal's due process rights by conspiring with the United States to defeat Arshal's patent claim against the United States Navy. On appeal, Arshal claims that the Court of Claims judge "resorted to perjury, libel, fabricated evidence, falsified evidence, disregard of evidence, fraudulent distortions, and flagrant violations of law including blatant misconstruction of the patent law," in rendering his decision. Arshal further claims that "the United States, through counsel, conspired with the administrative judge to defraud plaintiff of his property rights, ... [and that] in that unlawful act, the United States forfeited whatever claim to sovereign immunity it might have had." We disagree.
 
 
 9
 Arshal has cited no authority, nor are we aware of any, which establishes that the United States has waived its sovereign immunity to suit in this instance. Arshal's claim is not actionable under the FTCA since the claim involves a constitutional tort. See id. Accordingly, the district court did not err by dismissing Arshal's action. See Elias, 908 F.2d at 527; Baker, 817 F.2d at 562; Washington, 872 F.2d at 877. Because Arshal failed to establish subject matter jurisdiction, we vacate the district court's judgment and remand with instructions to dismiss.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3