97 F.3d 1460
 78 A.F.T.R.2d 96-6720, 96-2 USTC P 50,527
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph J. SAIDY; Joan A. Saidy, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-15841.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1996.*
Decided Sept. 26, 1996.
 
 Before: BEEZER and THOMPSON, Circuit Judges, and GILLMOR, District Judge.**
 MEMORANDUM***
 Taxpayers Joseph and Joan Saidy filed a claim for federal income tax refund in connection with assessments made to partnership items for Terra-Drill Associates II, a limited partnership. The district court granted summary judgment in favor of the United States,[1] and the Saidys timely appealed. Because the district court lacked jurisdiction, we vacate its judgment, and remand this case to the district court for dismissal.
 * We review a grant of summary judgment de novo. Hoeck v. City of Portland, 57 F.3d 781, 784 (9th Cir.1995), cert. denied, 116 S.Ct. 910 (1996). Whether the district court had subject matter jurisdiction is a question of law reviewed de novo. Id.
 II
 Section 7422(h) of the Internal Revenue Code states that "No action may be brought for a refund attributable to partnership items (as defined in section 6231(a)(3)) except as provided in section 6228(b) or section 6230(c)." Because the Saidys did not bring an action in compliance with the terms of § 7422, the district court did not have jurisdiction to consider the case. 26 U.S.C. § 7422(h).
 The Saidys argue that jurisdiction was conferred under 28 U.S.C. § 1346, which states that the district courts shall have jurisdiction over civil actions against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." Section 1346 fixes the requirements for refund suits, but it does not purport to establish all of the jurisdictional prerequisites to bringing such suits. The United States is immune from suit unless it has waived its sovereign immunity to be sued. Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). If the United States has not waived sovereign immunity, the district court does not have jurisdiction. See Huff v. United States, 10 F.3d 1440, 1445 & n. 4 (9th Cir.1993), cert. denied, 114 S.Ct. 2706 (1994).
 The Saidys contend § 7422(h) does not apply because the "underlying" tax treatment is not at issue, only the assessment. The statute, however, does not make a distinction between the underlying tax treatment and the assessment. See 26 U.S.C. § 7422(h) (stating that absent compliance with specifically enumerated code sections, "[n]o action may be brought for a refund attributable to partnership items") (emphasis added).
 Finally, the Saidys offer a variety of hypothetical situations in which the IRS would make an illegal assessment from which the taxpayer would have no remedy under § 7422(h). Be that as it may, "[a]bsent its consent to suit, an action against the United States must be dismissed." Elias, 908 F.2d at 527.
 III
 Because we conclude that the district court did not have jurisdiction to entertain the Saidys' suit, we do not reach the merits of the Saidys' argument that the assessments were illegal.
 CONCLUSION
 The judgment of the district court is vacated and this case is remanded to it for dismissal for lack of jurisdiction.
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Helen W. Gillmor, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although the district court did not enter judgment on a separate document as required by Federal Rule of Civil Procedure 58, the court clearly evidenced an intent to enter final judgment. We have jurisdiction over the appeal. Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978)