Linda KRIEG; Keith Krieg, Plaintiffs–Appellants,

v.

Ava MILLS; Frank McNulty, Defendants–Appellees.

No. 00–16153.

D.C. No. CV–98–03800–SI.

United States Court of Appeals, Ninth Circuit.

[*] The panel unanimously finds this case suitable for decision without oral argument, and denies Ioane's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted April 9, 2001.*

Decided April 18, 2001.

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

MEMORANDUM **

Linda and Keith Krieg appeal pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of their action seeking damages against two Internal Revenue Service ("IRS") agents for placing federal tax liens

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

on their property. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo both dismissals for failure to state a claim and dismissals for lack of subject matter jurisdiction. *Clinton v. Babbitt*, 180 F.3d 1081, 1086 (9th Cir.1999).

■ Because defendants were sued for actions taken as employees of the IRS, and because the Kriegs sought to remove liens imposed to satisfy a tax deficiency, the district court correctly construed their claims as against the United States. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985).

■ Because the government did not waive sovereign immunity, the district court properly dismissed the Kriegs' claims against defendants in their official capacities. *See id.* Because the government did not waive sovereign immunity for claims arising from the collection of taxes, the district court properly dismissed claims under the Federal Tort Claims Act, *see* 28 U.S.C. § 2680(c), and claims for punitive damages, *see* 28 U.S.C. § 2674.

■ Because the collection of taxes does not violate any clearly established right, the district court properly concluded that the defendants are entitled to qualified immunity. *See Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir.1990).

■ Because remedies provided by Congress foreclose *Bivens* claims against IRS agents for violations of constitutional rights arising out of the collection of taxes, the district court did not err by dismissing the Kriegs' *Bivens* claims for lack of jurisdiction. *See id.*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

The injunctive relief the Kriegs seek is barred by the Anti–Injunction Act, *see Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990), and the declaratory relief the Kriegs seek is barred by the exception to the Declaratory Judgment Act, *see Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n. 7, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).

Because amendment would be futile, the district court did not err by dismissing without leave to amend. *See Wages*, 915 F.2d at 1235.

AFFIRMED.