Roland Leroy REESE, Plaintiff—Appellant,

v.

UNITED STATES INTERNAL REVENUE SERVICE; et al., Defendants—Appellees.

No. 04–57145.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Roland Leroy Reese, Oxnard, CA, pro se.

Gregory A. Roth, Esq., USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, Janet A. Bradley, Attorney, DOJ–U.S. Department of Justice Tax Division, Washington, DC, for Defendants–Appellees.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Roland Leroy Reese appeals pro se the district court's judgment dismissing his action against the Internal Revenue Service ("IRS") and an IRS employee alleging that the imposition and collection of federal income tax from him was unauthorized and unconstitutional because, as an American citizen and a natural person, his wages are not "income" subject to taxation.

The district court properly dismissed Reese's action seeking damages for lack of jurisdiction because sovereign immunity bars all suits against the federal government unless it expressly consents to be sued. The IRS and its agents in their official capacities have not waived sovereign immunity, and thus, Reese's action is

barred. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). The district court also properly dismissed Reese's alleged claim under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), because he did not file his suit against employees and officers of the federal government acting in their individual capacities and even if he had, *Bivens* relief is not available for alleged constitutional violations by IRS officials involved in the process of assessing and collecting taxes. *Adams v. Johnson,* 355 F.3d 1179 (9th Cir.2004).

Reese's claim seeking to enjoin the government's collection of taxes from him are barred by the Anti–Injunction Act. *Elias v. Connett,* 908 F.2d 521, 523 (9th Cir.1990)

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.