**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAGHVENDRA SINGH, | No. 16-15577 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01844-JAM-AC |
| v. | |
| UNITED STATES GOVERNMENT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 9, 2017[**]

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Raghvendra Singh appeals pro se from the district court's judgment

dismissing his action seeking to enjoin the collection of taxes and for damages.

We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of

discretion a district court's dismissal of an action as frivolous. *Denton v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hernandez*, 504 U.S. 25, 33 (1992). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Singh's claims for injunctive relief was proper because Singh's claims were barred by the Anti-Injunction Act ("the Act"), 26 U.S.C. § 7421(a), as Singh seeks to restrain the government's tax assessment and collection activities, and no exception to the Act applies. *See Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) ("The district court must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act."); *see also id.* § 7421(a) (listing statutory exceptions to the Act); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962) (discussing limited judicial exception to the Act).

Dismissal of Singh's claim for damages was proper because Singh failed to allege a violation of a statute or regulation entitling him to damages. *See* 26 U.S.C. § 7433(a), (d) (discussing scope of right to file civil action for damages for unauthorized collection actions); *Miller v. United States*, 66 F.3d 220, 222-23 (9th Cir. 1995) (taxpayer cannot seek damages under § 7433 for improper assessment of taxes).

To the extent Singh attempted to plead a refund claim by alleging that he paid taxes for the 2008 and 2009 years in full and the IRS rejected his refund

claim, dismissal of this claim was proper because Singh failed to allege facts sufficient to state a refund claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also* 26 U.S.C. §§ 6532(a)(1) & 7422(a) (setting forth administrative remedy requirements for refund actions); *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) (waiver of sovereign immunity "must be unequivocally expressed," and "[t]he party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity" (citation and internal quotation marks omitted)).

**AFFIRMED.**