53 F.3d 339
 75 A.F.T.R.2d 95-2189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James ROCHOWICZ; Maria Rochowicz, Plaintiffs-Appellants,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 93-56446.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1995.
Decided May 2, 1995.
 
 1
 Before: BEEZER and NOONAN, Circuit Judges, and EZRA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 James and Maria Rochowicz appeal pro se the district court's grant of summary judgment in favor of the United States. The Rochowiczs filed this action alleging that the Internal Revenue Service ("IRS") erroneously assessed tax deficiencies and that the IRS used illegal procedures in attempting to collect these taxes. The Rochowiczs seek to have the taxes in question abated, to have the IRS enjoined from levying on their assets, and to receive $100,000 in damages.
 
 
 4
 The district court had jurisdiction over some of these claims pursuant to 28 U.S.C. Secs. 1340 and 2410. Whether the district court had jurisdiction over the remainder of these claims is at issue. This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 5
 * The Rochowiczs raise two sets of claims. The first set concern the validity of the tax court judgment determining the tax liability of the Rochowiczs. In their second set of claims, the Rochowiczs contend that the procedures used to levy on their property were deficient and, as a result, the tax lien is invalid.
 
 
 6
 * In any action against the United States, valid jurisdiction in the district court contains two components, an express waiver of sovereign immunity as well as a statutory grant of subject matter jurisdiction. Arford v. United States, 934 F.2d 229, 231 (9th Cir. 1991). The district court had subject matter jurisdiction over the Rochowiczs' claims pursuant to 28 U.S.C. Sec. 1340, which grants a district court "original jurisdiction over any civil action arising under any Act of Congress providing for internal revenue...." 28 U.S.C. Sec. 1340. Although this statute confers jurisdiction on the district court it does not waive sovereign immunity.
 
 
 7
 The Anti-Injunction Act, I.R.C. Sec. 7421, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. Sec. 7421(a). There are some statutory and one judicial exception to the Anti-Injunction Act. In order to bring an action seeking such an injunction, a plaintiff must satisfy one of these exceptions.
 
 
 8
 The Rochowiczs are correct that the district court did have jurisdiction under 28 U.S.C. Sec. 1340 and Sec. 2410 for their claims challenging the validity of the IRS liens. The Rochowiczs argue that the Government did not properly send them notice of intent to levy pursuant to 28 U.S.C. Sec. 6331 and that the tax lien was issued in violation of the automatic stay, 11 U.S.C. Sec. 362, while they were in Chapter 7 bankruptcy. Title 28 U.S.C. Sec. 2410(a) grants a district court jurisdiction to hear claims to quiet title to any real or personal property on which the United States has or claims a mortgage or other lien. We have allowed suits against the United States brought pursuant to this statute which challenge the procedural aspects of collection of a tax deficiency. See Arford, 934 F.2d at 232. Because these claims made by the Rochowiczs attack the procedural aspects of the imposition of the lien, the district court properly had jurisdiction over these claims under 28 U.S.C. Sec. 1340 and Sec. 2410.
 
 B
 
 9
 In their other set of claims, the Rochowiczs argue that the tax court's judgment affirming the Rochowiczs' tax liability is null and void, the liability determination is invalid because the notice of deficiency was untimely, and the IRS performed no audit of their tax liability as required by I.R.C. Secs. 6212 and 6213. These claims do not attack the procedures used by the Government in collecting the deficiency (i.e., the procedures used in imposing a lien on the real or personal property of the Rochowiczs). On the contrary, they attack the merits of the underlying tax assessment. As such, 28 U.S.C. Sec. 2410, allowing suits to quiet title, does not confer jurisdiction over these claims. Arford, 934 F.2d at 232; Elias v. Connett, 908 F.2d 521, 527 (9th Cir. 1990) (Section 2410 does not waive sovereign immunity with regard to the merits of the underlying assessment.)
 
 
 10
 In denying the Government's motion to dismiss, the district court held that, at least at the dismissal stage of the proceedings, the judicial exception to the Anti-Injunction Act provided jurisdiction over these claims. The judicial exception to the Act allows a suit by a taxpayer if that taxpayer can demonstrate that "(1) under no circumstances can the government ultimately prevail on the merits; and (2) the taxpayer will suffer irreparable injury without injunctive relief." Elias, 908 F.2d at 525. The Government need only state a good faith basis for its claim to rebut the Rochowiczs' argument that this exception applies. Id.; see Arford, 934 F.2d at 232.
 
 
 11
 The Rochowiczs state that the notice of deficiency was untimely. Under I.R.C. Sec. 6501, the IRS has three years from the date the return is filed to assess a deficiency. From the briefs, it appears that the notice of deficiency was sent on June 12, 1985 and that the Rochowiczs' returns were dated June 10, 1982 for 1981, August 15, 1983 for 1982 and August 9, 1984 for 1983. The notice for the 1982 and 1983 tax years is clearly timely. The notice is only arguably untimely for tax year 1981 and although the return was dated June 10, 1982, it is unclear that it was filed with the IRS before June 12, 1985.
 
 
 12
 The Rochowiczs also contend that the IRS did not properly audit their tax records and that the tax assessment was incorrect. The Government states that a record review was completed and the assessment was reduced by the tax court to reflect concessions made to the taxpayers. The Rochowiczs offer no evidence to contradict this statement. Thus, they have not carried their burden that "under no circumstances can the government prevail" on the merits.
 
 
 13
 The Rochowiczs also have failed to introduce any evidence to suggest that without an injunction they will suffer irreparable injury. They argue only that they have and will suffer financial hardship, that they have been denied the right to live life to the fullest and that they have suffered mental anguish. These allegations are insufficient. See, %.g., Hughes v. United States, 953 F.2d 531, 535-36 (9th Cir. 1992) (financial suffering and alleged due process violations insufficient to demonstrate irreparable injury); Elias, 908 F.2d at 526 (monetary harm alone insufficient to merit injunctive relief). We hold that the district court did not have jurisdiction under the judicial exception to the Anti-Injunction Act.
 
 
 14
 Alternatively, the Government asserts that the district court properly had jurisdiction over this set of claims under the statutory exception to the Anti-Injunction Act contained in I.R.C. Sec. 6213. Section 6213(a) allows a taxpayer to seek an injunction against the United States in district court if the United States assesses a deficiency, attempts to levy or otherwise attempts to collect the deficiency during the time period between the mailing of the notice of deficiency and a final judgment in the tax court, if a redetermination is sought.
 
 
 15
 We have allowed taxpayers to bring an action pursuant to this statutory exception to the Anti-Injunction Act to challenge an assessment on the ground the taxpayer did not receive notice of a deficiency because of some procedural error by the IRS. See Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312-13 (9th Cir. 1982) (challenge permitted to procedures used in serving notice of deficiency when the notice was never received); Hutchinson v. United State, 677 F.2d 1322, 1326 (9th Cir. 1982) (Section 6213(a) allows a court to restrain the collection of taxes if the IRS has failed to issue the statutory notice of deficiency).
 
 
 16
 Under I.R.C. Sec. 6212, the IRS must serve the taxpayer with notice of a deficiency before it is able to place a lien on the property of the taxpayer. Once the notice is mailed, the taxpayer has 90 days to file a petition in the tax court to redetermine the tax deficiency. I.R.C. Sec. 6213. If the taxpayer does not receive the notice of deficiency, he is unable to file the petition for redetermination and is denied his day in court to contest the validity of the deficiency. Thus, the taxpayer is permitted to file suit in the district court seeking to enjoin collection of the assessment.
 
 
 17
 The case at bar is not such a case. The Rochowiczs are not asserting that they did not receive the notice of deficiency or that they were denied their day in court. They concede that they received the notice and that they filed a petition for redetermination in the tax court. See Elias v. Connett, 908 F.2d at 523-24 (no jurisdiction under 6213(a) when taxpayer concedes receiving deficiency notices).
 
 
 18
 Finally, even if the Rochowiczs satisfy the requirements of 6213(a), they must still demonstrate that they are entitled to equitable relief. Elias, 908 F.2d at 523. They have failed to do so. First, for the reasons stated in the judicial exception section above, the Rochowiczs have failed to demonstrate that they will suffer irreparable injury. Second, the Rochowiczs have an adequate remedy at law of which they took advantage. They filed a petition in the tax court to have their tax liability redetermined. Elias, 908 F.2d at 526.
 
 
 19
 The Rochowiczs have not satisfied the statutory exception contained in I.R.C. Sec. 6213(a). Because no other statutory exception applies, we hold that the United States did not waive sovereign immunity for the claims attacking the validity of the tax assessment. We affirm the grant of summary judgment in favor of the Government on this ground.[1]
 
 II
 
 20
 The Rochowiczs' claims concerning the procedures used to collect the taxes, although properly before the district court, are without merit. The Rochowiczs contend that the lien imposed by the Government is invalid because the Government did not properly send them notice of intent to levy, pursuant to I.R.C. Sec. 6331. They further argue that the Government filed a lien in violation of the automatic stay while the Rochowiczs were in Chapter 7 bankruptcy.
 
 
 21
 We review de novo the grant of summary judgment. The district court decision is reviewed in the light most favorable to the non-moving party to determine whether any dispute of material fact exists and whether the district court properly applied applicable law. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and come forth with specific facts to show that a genuine issue of material fact exists. See Fed. R. Civ. P. 56(e); Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993). "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." Hansen, 7 F.3d at 138.
 
 
 22
 In support of its summary judgment motion, the Government introduced the declaration of an IRS agent which states that IRS records indicate that notices of intent to levy were sent to the Rochowiczs on September 14, 1987 and May 14, 1990 with respect to the Rochowiczs tax liability for 1980 and July 4, 1988 and May 14, 1990 for the years 1981-1983.[2] Because the Rochowiczs presented no evidence to controvert this declaration, this claim fails.
 
 
 23
 They also argue that the tax lien imposed is invalid because the notice of tax lien was filed while the Rochowiczs were in Chapter 7 bankruptcy and thus violated the automatic stay. This claim also fails for lack of support. The Government concedes that it filed a notice of tax lien on November 2, 1988 while the Rochowiczs were in bankruptcy. As such, this notice of lien violated the automatic stay and is concededly void. However, the bankruptcy petition was dismissed with prejudice in January 1990, and the discharge order was vacated in February 1990. The Government thereafter filed a second notice of tax lien in March 1992. Since this second notice of lien did not violate the stay and was within the time limitations for collection of an assessment, I.R.C. Sec. 6502, the lien is arguably valid. Because the Rochowiczs presented no evidence demonstrating its invalidity, this claim also fails.
 
 
 24
 The uncontroverted evidence demonstrates no irregularities in the collection of the Rochowiczs tax liability. Therefore, the district court was correct in granting summary judgment against the Rochowiczs on these claims of procedural error.
 
 
 25
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even if the district court had proper jurisdiction over these claims, summary judgment would be proper on the basis of res judicata. These claims could and should have been raised in the tax court proceeding to redetermine the Rochowiczs' total tax liability. Allen v. McCurry, 449 U.S. 90 (1980). The Rochowiczs argue that the tax court judgment does not preclude this action because the tax court lacked jurisdiction over their claims because they filed their petition for redetermination one day late. Res judicata may apply to a final judgment that is being attacked on grounds of lack of subject matter jurisdiction. United States v. Van Cauwenberghe, 934 F.2d 1048, 1058 (9th Cir. 1991). See also Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982). The tax court's determination of the Rochowiczs' tax liability is a final decision and renders their claims res judicata
 
 
 [2]
 Section 6331 requires the Government to send the taxpayer a notice of intent to levy at least 30 days before the day of levy. The Government did not levy until at least 30 days after the notices were sent out, and therefore, the Government did not violate Section 6331