Elliot A. SOKOLOW, a married man suing in his separate capacity, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 97–35627.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 1998.

Decided March 4, 1999.

Kenneth C. Weil, Seattle, Washington, for the plaintiff-appellant.

Ellen Page DelSole, United States Department of Justice, Tax Division, Washington, D.C., for the defendant-appellee.

Before: REAVLEY,[1] LEAVY, and GRABER, Circuit Judges.

LEAVY, Circuit Judge:

Elliot A. Sokolow appeals the district court's dismissal, for lack of subject matter jurisdiction, of his action seeking to enjoin the government from collecting $26,325 in taxes attributable to his 1988 federal tax return. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review *de novo* and affirm.

## FACTS AND PRIOR PROCEEDINGS

Appellant, Elliot Sokolow, and his then spouse, Sarah Hathaway, made three payments ("the Payments"), totaling $52,650, on their 1988 estimated federal taxes. Then, because of marital difficulties, Sokolow and Hathaway filed separate federal income tax returns for the 1988 tax year. Sokolow's return, filed on July 3, 1989, showed a tax liability of $41,366. Sokolow claimed a credit on his return for one-half the Payments, in the amount of $26,325, and a credit for various other payments, and he paid $5,129 by a check accompanying his return.

Based on the information provided in Sokolow's return, the IRS assessed a corrected tax liability of $41,911.59. The IRS mistakenly credited Sokolow's account with $52,650, the full amount of the Payments, not the $26,325 that he had claimed, but deducted $526.50 of that credit, because that amount had been credited to Hathaway's account. The end result, as of late 1989, was that the IRS's records showed that Sokolow had paid his 1988 tax liability and was entitled to a refund of $26,183.57, which the IRS paid.

Hathaway's 1988 return showed zero tax liability and claimed a refund of the total amount of the Payments. Because the IRS issued a refund to Hathaway of only $526.50,

Hathaway filed a refund suit. In 1993, the United States District Court for the Western District of Washington ruled that Hathaway was entitled to receive the full amount of her claimed refund.

After the district court's ruling, the IRS removed credits totaling $52,115.19 from Sokolow's account and began efforts to collect the unpaid balance on his account. The IRS also applied Sokolow's 1993 and 1994 tax refunds, totaling $2,315, to his outstanding liability. The unpaid balance on Sokolow's account, including interest and penalties, totaled $102,965.55 as of November 4, 1996. The IRS has not sought recovery of the $26,183.57 that it erroneously had refunded to Sokolow.

Sokolow brought this action in the United States District Court for the Western District of Washington on November 21, 1996, seeking to enjoin the IRS from collecting the taxes, to abate the tax due, and to recover the 1993 and 1994 tax refunds. Sokolow moved for summary judgment on May 2, 1997, arguing that the original assessment in 1989 had been extinguished by the crediting of the Payments to his account and that the statute of limitations barred the IRS from assessing a new tax liability. The IRS filed a cross-motion for summary judgment, arguing that the original assessment never had been extinguished and that Sokolow's action was barred by the Anti–Injunction Act, 26 U.S.C. § 7421 (West 1998). On June 2, 1997, the district court denied Sokolow's motion for summary judgment and granted the IRS's motion. The district court ordered Sokolow's complaint dismissed "as barred by sovereign immunity and Section 7421 of the Internal Revenue Code ('the Anti–Injunction Act')." Sokolow timely appealed on June 27, 1997.

## ANALYSIS

Sokolow seeks an injunction to prevent the IRS from continuing its efforts to collect the unpaid balance on his 1988 tax account. The Anti Injunction Act, 26 U.S.C. § 7421, limits actions to enjoin the assess-

---

**1.** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

ment and collection of taxes. The Act provides, in part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." I.R.C. § 7421(a). There are, however, several statutory exceptions to the Act, as well as one judicial exception. *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir.1990). An action that does not fall within one of the exceptions must be dismissed for lack of subject matter jurisdiction. *Id.* Thus, ordinarily, once a tax has been assessed, the taxpayer's only recourse is to pay the tax in full and then sue for a refund in district court. *United States v. Condo*, 782 F.2d 1502, 1506 (9th Cir.1986).

Sokolow concedes that his is a suit to enjoin the collection of taxes and that none of the statutory exceptions is applicable. He seeks an injunction pursuant to the judicial exception to the Act:

> [A]n injunction may be obtained against the collection of any tax if (1) it is "clear that under no circumstances could the government ultimately prevail" and (2) "equity jurisdiction" otherwise exists, i.e., the taxpayer shows that he would otherwise suffer irreparable injury.

*Commissioner v. Shapiro*, 424 U.S. 614, 627, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976) (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962)). The burden is on the taxpayer to establish both prongs of the test. *See Elias*, 908 F.2d at 525–26. Unless both prongs of the test are met, a suit for injunctive relief must be dismissed. *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974).

To meet the second prong of the *Williams Packing* test, the taxpayer must demonstrate entitlement to equitable relief. "[T]he taxpayer must show that he has no adequate remedy at law and that denial of injunctive relief would cause him immediate, irreparable injury." *Jensen v. IRS*, 835 F.2d 196, 198 (9th Cir.1987) (citation omitted).

Sokolow argues that he has no remedy, because he cannot raise his statute of limitations defense in a refund suit. The issue for decision in a refund suit is "whether the taxpayer has overpaid his tax." *Lewis v. Reynolds*, 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293, *as modified*, 284 U.S. 599, 52 S.Ct. 264, 76 L.Ed. 514 (1932).

Sokolow correctly points out that *Lewis* effectively prevented a taxpayer from asserting a statute of limitations defense in a refund action. There, the Court held that there is no "overpayment" when the payments already received "do not exceed the amount which might have been properly assessed and demanded." *Id.*

However, Congress superseded *Lewis*, by statute. Unlike the previous law, which the Court had construed in *Lewis*, the Revenue Act of 1928 "declare[d] that any payment of a tax after expiration of the period of limitations shall be considered an overpayment." *McEachern v. Rose*, 302 U.S. 56, 60, 58 S.Ct. 84, 82 L.Ed. 46 (1937); 26 U.S.C. § 2607 (1928). After 1928, Congress has continued to use a similar definition of the term "overpayment."

Presently, I.R.C. § 6401(a) provides: "Assessment and collection after limitation period.—The term 'overpayment' includes that part of the amount of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto." We have held, based on § 6401(a), that a taxpayer may raise the statute of limitations defense in an action for a refund. *Walker v. IRS*, 333 F.2d 768, 771 & n. 3 (9th Cir.1964). Thus, Sokolow fails the second prong of the test, because he does have an adequate remedy at law: to pay the tax and then challenge the validity of the tax liability in a refund suit. Therefore, Sokolow has not established that injunctive relief should be granted under the judicial exception to the Anti–Injunction Act.

## CONCLUSION

The district court's dismissal for lack of jurisdiction is AFFIRMED.