George R. TOSELLO, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 99–15092.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2000.[1]

Filed April 28, 2000.

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David M. Kirsch, San Jose, California, for the plaintiff-appellant.

Gilbert S. Rothenberg and Karen D. Utiger, Attorneys, Tax Division, United States Department of Justice, Washington, D.C., for the defendant-appellee.

Before: TASHIMA and GRABER, Circuit Judges, and STOTLER,[2] District Judge.

GRABER, Circuit Judge:

In September 1995, Plaintiff George R. Tosello filed a claim for a refund of more than $25,000 in personal income tax that he had paid in 1984. The Internal Revenue Service (IRS) sent Plaintiff a notice of disallowance in December 1995. Plaintiff filed suit, challenging that disallowance, in

January 1998. Defendant United States moved for summary judgment on the ground that Plaintiff's suit was untimely, and the district court granted Defendant's motion. On de novo review, *see Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998), we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was a partner in a limited partnership known as PAMCORP. On his 1981 personal income tax return, he reported losses and credits from PAMCORP.[3] He also carried back PAMCORP's losses and credits from 1981 to his returns for tax years 1975–77 and 1979, resulting in reductions of his tax liability for those years.

In 1984, the IRS told Plaintiff that it was "examining" PAMCORP with regard to tax year 1981. The IRS asked that Plaintiff consent to extending the limitations period for that examination by signing a copy of Form 872–A. The IRS advised Plaintiff that, if he did not agree to the extension, the period during which he could claim a 1981 refund might lapse before the IRS finished examining PAMCORP. Plaintiff signed the form in November 1984. The form provides that the parties agree to extend the time within which the IRS may assess 1981 income tax against PAMCORP until the 90th day after: (1) the IRS receives from Plaintiff a Form 872–T, which terminates consent to the extension of time to assess tax; (2) the IRS mails a Form 872–T to Plaintiff; or (3) the IRS mails a notice of deficiency to Plaintiff. The form further provides that the agreement to extend the time for assessment *ends* either when one of those three events occurs or on "the assessment date of an increase in the [1981] tax that reflects a final determination of tax and

---

**2.** The Honorable Alicemarie H. Stotler, United States District Judge for the Central District of California, sitting by designation.

**3.** Plaintiff and his wife filed joint returns for all the tax years in question; however, Plaintiff's wife is not a party to this action. It is unclear from the briefs and the excerpts of record *why* she is not a party, but no one argues that her absence is legally significant.

the final administrative appeals consideration," if earlier. Finally, the form provides that Plaintiff "may file a claim for credit or refund and the [IRS] may credit or refund the tax within 6 months after the agreement ends."

After signing the form, Plaintiff became concerned about the effect of an examination of PAMCORP on his income tax returns from previous years. Specifically, he became concerned about the legitimacy of 1981 losses and credits, attributable to PAMCORP, that he had carried back to his individual tax returns for 1975–77 and 1979. If the IRS concluded that those losses and credits were improper, Plaintiff would have paid too little income tax in those years and would be liable for additional taxes and interest. To avoid accumulating interest charges during the pendency of the PAMCORP examination, Plaintiff filed amended individual returns for those years and remitted a total of $26,911 in additional income tax: $5,725 for 1975; $3,211 for 1976; $1,130 for 1977; and $16,845 for 1979.

To date, the IRS has not completed its examination of PAMCORP, nor has it assessed any additional taxes against Plaintiff resulting from that examination. Nor has any of the *other* events that would terminate the agreement embodied in Form 872–A occurred. That agreement, which extends indefinitely the time during which the IRS may examine PAMCORP and assess additional taxes against Plaintiff, remains in force.

On September 25, 1995, Plaintiff filed a claim for refund with the IRS, requesting the return of the money that he remitted with his amended returns in 1984. On December 18, 1995, the IRS mailed Plaintiff a notice of disallowance. On January 27, 1998, Plaintiff filed suit in district court, challenging the disallowance of his request for refund. Defendant moved for summary judgment, arguing that Plaintiff's suit was untimely. The district court granted Defendant's motion, concluding that, under 26 U.S.C. § 6532(a)(1), a suit challenging the disallowance of a refund

must be filed within two years from the date on which the notice of disallowance was mailed. Because it was undisputed that Plaintiff did not file suit within two years, the district court held that it was required to grant summary judgment for Defendant. Plaintiff brings this timely appeal.

## DISCUSSION

### A. *Effect of Form 872–A*

Plaintiff filed this suit to recover "tax overpayment" pursuant to 26 U.S.C. § 7422(a). Under 26 U.S.C. § 6532(a)(1), "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax ... shall be begun ... after the expiration of 2 years from the date of mailing ... to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

 It is undisputed that Plaintiff did not meet that time limit. The provision of § 7422(a) under which he brought suit represents a limited waiver of the government's sovereign immunity. As such, that provision must be construed narrowly, and the applicable statute of limitations, 26 U.S.C. § 6532(a)(1), likewise must be construed strictly in favor of the government. *See, e.g., Badaracco v. Commissioner,* 464 U.S. 386, 398, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984).

 Plaintiff argues that the district court erred in concluding that his suit for refund was untimely, because the Form 872–A that Plaintiff signed "permits [him] to file a refund claim at any time before the agreement is terminated, and it has never been terminated." That argument fails to distinguish an administrative claim from a judicial complaint. Plaintiff is correct that Form 872–A extends the time within which he may file a *claim* with the IRS for a refund, but this is not a claim for a refund. Rather, it is a *suit* in district court challenging the *denial* of a claim for a refund and, as such, may be brought

only within the time provided for such suits under 26 U.S.C. § 6532(a)(1).

Plaintiff argues that the two-year statute of limitations in 26 U.S.C. § 6532(a)(1) is "obviously inconsistent" with the provision of Form 872–A that extends the time for filing a refund claim and suggests that the "inconsistency" must be resolved in his favor. There is no inconsistency, however. Under Form 872–A, a taxpayer may file an administrative claim for refund within six months after the agreement ends. If the taxpayer does so, and the claim is disallowed, the taxpayer has two years within which to file suit challenging that disallowance, as in any case in which the IRS has disallowed a claim for refund. The provision of Form 872–A on which Plaintiff bases his argument simply extends the time in which Plaintiff can bring his initial administrative *claim;* it does not purport to override, or in any way affect, the statute of limitations for *suits* in district court, contained in 26 U.S.C. § 6532(a)(1). The form and the statute are not inconsistent. Both can, and must, be given effect.

Defendant does not explain why the IRS has failed for 16 years to complete its "examination" of PAMCORP and thereby put this matter to rest. It is easy to understand why Plaintiff sought a refund of the additional income tax that he had remitted in 1984; after all, he had waited 11 years for the IRS to tell him whether he even owed that tax in the first place. However, after his claim for refund was disallowed, Plaintiff himself waited so long that he failed to meet the applicable statute of limitations. Accordingly, the district court's grant of summary judgment for Defendant was not error.

### B. *Payment of Tax or "Deposit"*

■ Plaintiff also argues that the district court erred because his 1984 remittance of $26,911 to the IRS was not a payment of tax but, rather, was merely a "deposit," which he may reclaim without regard to the statutes governing refunds of "taxes." That argument is unpersuasive. Plaintiff's complaint explicitly seeks a "repayment of tax," not a repayment of a deposit. The complaint was brought pursuant to 26 U.S.C. § 7422(a), a statutory provision that allows suits for recovery only of "internal revenue tax," and 28 U.S.C. § 1346(a)(1), which gives district courts jurisdiction over suits to recover "tax" and "penalt[ies]." Neither of those statutes authorizes a suit to recover a "deposit." Even if Plaintiff could have brought a suit to recover a "deposit" in district court in this situation, a question that we need not decide, he did not do so in this case.

Defendant also points out that Plaintiff did not follow any of the administrative procedures for designating a payment to the IRS as a "deposit" when he remitted the additional $26,911 in 1984. Defendant's argument further supports the conclusion that Plaintiff intended that remittance as a payment of "tax" and instituted this suit in an attempt to recover that "tax," notwithstanding his suggestions to the contrary in this proceeding.

### CONCLUSION

The district court did not err in granting Defendant's motion for summary judgment.

AFFIRMED.