Winifred Leana GARRETT,
Plaintiff–Appellant,

v.

UNITED STATES INTERNAL
REVENUE SERVICE,
Defendant–Appellee.

No. 00–55966.

D.C. No. CV–99–2525–RSWL.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2001.*

Decided April 18, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Gregory's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

## MEMORANDUM **

Winifred Leana Garrett appeals pro se the district court's order dismissing for lack of subject matter jurisdiction her action challenging the Internal Revenue Service's ("IRS") disallowance of her claim for a tax refund. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ We review a dismissal for lack of subject matter jurisdiction de novo. *Sokolow v. United States*, 169 F.3d 663, 664 (9th Cir.1999). A statute of limitations for suits by taxpayers for refund must be strictly construed in favor of the government. *Tosello v. United States*, 210 F.3d 1125, 1127 (9th Cir.2000).

** This disposition is not appropriate for publication and may not be cited to or by the

■ Garrett failed to file her complaint within the two-year statute of limitations after the date that the IRS mailed the notice of disallowance of the claim, *see* 26 U.S.C. § 6532(a)(1), and did not receive consent from the IRS to extend the filing period, *see* 26 U.S.C. § 6532(a)(2). Because Garrett's requests for reconsideration did not extend the period, *see* 26 U.S.C. § 6532(a)(4), and the period was not equitably tolled by the IRS's second notice of disallowance, *see United States v. Brockamp*, 519 U.S. 347, 352, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997), the district court properly dismissed the action for lack of subject matter jurisdiction.

AFFIRMED.