**Thurston P. BELL, Plaintiff,**

v.

**Charles ROSSOTTI, et al., Defendants.**

**No. CIV.A. 1:CV–01–1725.**

United States District Court,
M.D. Pennsylvania.

Sept. 30, 2002.

Thurston P. Bell, Hanover, PA, pro se.

Anne K. Fiorenza, Asst. U.S. Atty., U.S. Atty's Office, Harrisburg,PA, Donlad N. Dowie, U.S. Dept. of Justice, Washington, DC, Evan J. Davis, U.S. Dept. of Justice Trial Atty., Tax Div., Central Trial Section, Waashington, DC, for Defendants.

### MEMORANDUM AND ORDER

KANE, District Judge.

Before this Court is Defendants' motion to dismiss and/or for summary judgment (Doc. No. 12). The motion has been fully briefed, and is ripe for disposition. For the reasons that follow, the motion will be granted.

### I.  Background

On September 10, 2001, Plaintiff Thurston Bell, proceeding *pro se*, filed a complaint against IRS Commissioner Charles Rossotti in his official capacity, and IRS agents Chris Roginsky and Kathleen Lennon in their official and individual capacities. In his suit, Bell seeks (1) a declaratory judgment that his websites and their content are protected by the First Amendment to the United States Constitution, (2) an injunction against Defendants preventing them from approaching him and his family, and (3) compensatory damages in the amount of $30,000 and punitive damages of $1,000,000 from each of the Defendants sued in their individual capacities for violations of his First Amendment rights.

Bell founded the National Institute for Taxation Education ("NITE") in November, 1997. Through NITE, Plaintiff owns and maintains two websites which expound Plaintiff's views of tax law: http://www.nite.org and http://www.tax-gate.com. Plaintiff asserts that the content on these

websites is protected by the First Amendment. In addition to providing the information on the websites, Plaintiff assists NITE members by drafting letters on their behalf and attending meetings with IRS personnel.

Ultimately, Plaintiff's complaint alleges that an IRS investigation of his websites violates his First Amendment rights. However, the complaint first details a number of alleged wrongs to others that have heightened Plaintiff's fear of imminent IRS action against him.[1] These events include raiding the business office of Plaintiff's former associate, Nick Jesson, and the investigation of Plaintiff's associates Darlow Thomas Madge and Hal Hearn. Plaintiff offers these events as evidence of his fear that the IRS will undertake similar actions against him.

On September 4, 2001, Plaintiff received a letter from the IRS stating that he and his websites were under investigation for possible violation of 26 U.S.C. §§ 6700[2] and 7408.[3] The letter stated that a possible consequence of the investigation would be an injunction. Furthermore, the letter notified Plaintiff that he was required to cooperate with the investigation. Plaintiff asserts that the IRS investigative activity violates his First Amendment right to free speech.

## II. Discussion

### A. Standard of Review

The Court will consider the pending motion as a motion to dismiss. Defendants move to dismiss Plaintiff's complaint under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). A Rule 12(b)(1) motion may be treated either as a facial or factual challenge to the court's subject matter jurisdiction. *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 177 (3d Cir.2000). When reviewing a facial attack, the Court considers only the allegations in the complaint, documents referenced therein, and documents attached thereto. *Id.* These must be read in the light most favorable to the plaintiff. *Id.* Only when reviewing a factual attack may the court consider evidence outside the pleadings. *Id.*

As with a Rule 12(b)(1) facial attack, when considering a Rule 12(b)(6) motion to dismiss, the Court considers only the alle-

---

1. Indeed, the Untied States has filed suit against Mr. Bell, Docket No. 1:CV–01–2159.

2. Section 6700 of the Revenue Code, captioned "Promoting Abusive Tax Shelters, Etc.," provides in pertinent part:
   Any person who -
   (1)(A) organizes (or assists in the organization of)—
   (ii) a partnership or other entity,
   (ii) any investment plan or arrangement, or
   (ii) any other plan or arrangement, or
   (B) participates (directly or indirectly) in the sale of any interest in an entity or plan or arrangement referred to in subparagraph (A), and
   (2) makes or furnishes or causes another person to make or furnish (in connection with such organization or sale)—
   (B) a statement with respect to the allowability of any deduction or credit, the excludability or any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement which the person knows or has reason to know is false or fraudulent as to any material matter, or
   (B) a gross valuation statement as to any material matter,
   shall pay, with respect to each activity described in paragraph (1), a penalty equal to $1,000 or, if the person establishes that it is lesser, 100 percent of the gross income derived (or to be derived) by such person from such activity....

3. Section 7408 of the Revenue Code gives the United States the authority to seek to enjoin a person from "further engaging in conduct subject to penalty under section 6700 ...." 26 U.S.C. § 7408.

gations within the complaint, any documents referred to in the complaint, and documents attached to the complaint. "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir.1997) (internal citation omitted). Therefore, when analyzing Defendants' Motion to Dismiss, this Court construes all facts alleged in the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478 (3d Cir.1998). This Court will only grant Defendants' Motion to Dismiss if there is clearly no remedy available for the Plaintiff's claim, or if Plaintiff has no right or power to assert the claim. *Melo–Sonics Corp. v. Cropp*, 342 F.2d 856, 859 (3d Cir.1965).

### B. Injunction

■ On the face of his complaint, Plaintiff seeks to enjoin the IRS investigation of whether his websites violate United States law. Plaintiff also seeks an injunction

> prohibiting Defendant Commissioner and all of his agents (defined as those executing the orders of Defendant Commissioner or operating in any form of cooperation or collusion) from physically approaching Plaintiff, His Family, and the Offices of NITE, at a distance of less than 300 feet, without prior approval from Plaintiff or non *ex parte* order of this Court.

Compl, p. 3.

The Tax Anti-injunction Act, however, states, with certain exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). Information gathering that may lead to the assessment or collection of taxes falls within this tax anti-injunction provision. *Linn v. Chivatero*, 714 F.2d 1278, 1281–82 (5th Cir.1983). Since the IRS investigation into Plaintiff's websites may ultimately lead to the assessment and collection of taxes from individuals using Plaintiff's methods, the investigation falls under this anti-injunction provision. This Court is prohibited from entering any injunction against the IRS and its agents for allegedly harassing activities when those activities fall within the scope of a valid investigation. *Black v. United States*, 534 F.2d 524, 526–27 (2d Cir.1976); *Graham v. United States*, 528 F.Supp. 933 (E.D.Pa.1981).

■ Plaintiff argues that his case fits into a narrow, judicially recognized, exception to the anti-injunction provision. A court may enter an injunction against the collection of any tax already assessed if (1) it is clear that under no circumstances could the government ultimately prevail and (2) the taxpayer shows that " 'equity jurisdiction' otherwise exists, i.e., the taxpayer shows that he would otherwise suffer irreparable injury." *C.I.R. v. Shapiro*, 424 U.S. 614, 627, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976); *Sokolow v. United States*, 169 F.3d 663 (9th Cir.1999). To show irreparable injury, the taxpayer must "plead and prove facts establishing that his remedy in the Tax Court or in a refund suit is inadequate to repair any injury that might be caused by an erroneous assessment or collection of an asserted tax liability." *Id.* at 628, 96 S.Ct. 1062. This extremely narrow exception to the Tax Anti-injunction act is applicable to situations where irreparable injury may result from a deprivation of property pending final adjudication of the rights of the parties. *Id.* The exception was created because the

"Due Process Clause requires that the party whose property is taken be given an opportunity for some kind of predeprivation or prompt post-deprivation hearing at which some showing of the probable validity of the deprivation must be made." *Id.*

Plaintiff, however, does not present a scenario where this narrow exception would apply since the government has not assessed a tax penalty against the Plaintiff and therefore has nothing to collect. Plaintiff is attempting to enjoin the IRS from an investigation that may lead to the assessment or collection of taxes from him or from others using the information Plaintiff provides on his websites and to NITE members. He is not requesting an injunction to prevent the collection of taxes already assessed. Plaintiff, therefore, can not plead the irreparable harm created by the depravation of property the exception requires since there has been no attempt to collect any taxes in this case.

■ It is clear that the anti-injunction provision of the Internal Revenue Code applies here. Where the Anti-injunction Act applies, and the cause of action does not fall into one of the statutory or judicially recognized exceptions, the claim must be dismissed for lack of subject matter jurisdiction. *Sokolow*, 169 F.3d at 665. Therefore, Plaintiff's claim for injunctive relief will be dismissed pursuant to Fed. R.Civ.P. 12(b)(1).

### C. Declaratory Judgment

■ Plaintiff asks this Court to declare "that his individual speech as well as forms thereof posted on [his websites] is protected by the First Amendment to the United States Constitution guaranty of Free Speech and does not violate any provisions of the Internal Revenue Code or Treasury Regulations ...." Compl., p. 2. However, this Court does not have jurisdiction over Plaintiff's request for declaratory judg-

ment. The Declaratory Judgment Act grants federal courts jurisdiction to hear declaratory judgment actions:

> In a case of actual controversy within its jurisdiction, **except with respect to Federal taxes** other than actions brought under section 7428 of the Internal Revenue Code of 1986, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). It is clear from the face of the statute that this Court cannot enter judgment with respect to Plaintiff's assertions of tax law as they appear on his websites. *Gattuso v. Pecorella*, 733 F.2d 709 (9th Cir.1984) (discussing inapplicability of Declaratory Judgment Act to actions relating to federal taxes).

■ Plaintiff is also ostensibly seeking declaratory judgment with respect to his First Amendment claims. However, this is not the proper forum for this claim. The question of whether the content of Plaintiff's website is protected by the First Amendment is inextricably intertwined with the question of whether Plaintiff's website and the services it advertises violate the Internal Revenue Code. While not deciding the nature of Plaintiff's speech here, the Court notes that the First Amendment does not protect "commercial speech which promotes an illegal activity or transaction." *United States v. White*, 769 F.2d 511, 516 (8th Cir.1985); *United States v. Kaun*, 827 F.2d 1144, 1145 (5th Cir.1987); *Nat'l Commodity and Barter Ass'n v. United States*, 843 F.Supp. 655, 665 (D.Col.1993) *aff'd*, 42 F.3d 1406 (10th

Cir.1994). Accordingly, if the tax advice posted Plaintiff's websites is legal, he may be entitled to First Amendment protections. If, however, the tax advice posted on Plaintiff's websites is commercial speech advocating actions that violate the Internal Revenue Code, he would not enjoy the protections of the First Amendment. Plaintiff's First Amendment claims are, therefore, inextricably intertwined with his tax law claims, and this Court cannot decide the issues separately. Any declaratory judgment in this case would amount to a judgment "with respect to Federal Taxes" and is therefore barred by the Declaratory Judgment Act.[4] 28 U.S.C. § 2201(a).

Plaintiff's claim for declaratory judgment with respect to his assertion of tax law is barred by the Declaratory Judgement Act. Furthermore, Plaintiff's request for declaratory judgment on his First Amendment claim is inextricably intertwined with the Plaintiff's assertion of his tax law claims and cannot be decided separately. Therefore, the Court will dismiss Plaintiff's claims for declaratory judgment pursuant to Fed.R.Civ.P. 12(b)(1).

### D. Compensatory and Punitive Damages

#### 1. Claims against Defendants in their official capacities

■■ "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Sovereign immunity is not defeated by the act of naming officers and employees of the United States as defendants in a suit that properly is against the United States. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985). It is well-settled that "a suit against IRS employees in their official capacity is essentially a suit against the United States." *Gilbert*, 756 F.2d at 1458. Absent express statutory consent to sue, this Court must dismiss the claims barred by sovereign immunity. *Id.; see also United States v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 84 L.Ed. 888 (1940); *Radin v. United States*, 699 F.2d 681, 684 (4th Cir.1983). There is no applicable express statutory consent to sue for Plaintiff's claims. Accordingly, this Court has no jurisdiction over Defendants in their official capacities. The Court, therefore, will dismiss the claims brought against Defendants in their official capacities pursuant to Fed.R.Civ.P. 12(b)(1).

#### 2. Claims against Roginsky and Lennon in their individual capacities

■■ Plaintiff has also sued Roginsky and Lennon in their individual capacities for violations of his First Amendment right through their investigation of his websites under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Federal officers, operating under the color of federal law, can be sued for monetary damages for violations of constitutional rights. *See Bivens*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

■■ Plaintiff, however, has failed to state a *Bivens* claim for damages. A *Bivens* action "should not be inferred to per-

---

4. This does not preclude this Court from addressing Plaintiff's First Amendment claims altogether. Plaintiff will have the opportunity to adjudicate his First Amendment claims fully and fairly in the Government's case, at which time the Court will determine the nature of Plaintiff's websites and whether the content is protected by the First Amendment.

mit suits against IRS agents accused of violating a taxpayer's constitutional rights in the course of making a tax assessment." *Shreiber v. Mastrogiovanni*, 214 F.3d 148, 153 (3d Cir.2000).[5] The reasoning behind these cases flows directly from *Bivens* and its progeny. In *Bivens*, the Supreme Court held that an individual alleging violation of Fourth Amendment rights could sustain a complaint for money damages against police officers. *Bivens*, 403 U.S. at 397, 91 S.Ct. 1999. The Supreme Court has stated that one of the factors to consider when determining whether to permit a *Bivens* action is whether Congress provided an alternative remedy. *Schweiker v. Chilicky*, 487 U.S. 412, 420, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies." *Id.* at 423, 108 S.Ct. 2460. In the tax arena, Congress has provided meaningful safeguards and remedies. As the Third Circuit explained:

> Congress chose to provide certain remedies, and not others, as part of the complex statutory scheme which regulates the relationship between the IRS and taxpayers. We will not create a remedy where Congress has chosen not to.

*Shreiber*, 214 F.3d at 152–53.

Therefore, no *Bivens* action should be implied against agents of the IRS in the course of investigating and making tax assessments. *Shreiber*, 214 F.3d at 152–53 (3d Cir.2000).

Plaintiff argues that a *Bivens* action should exist since the remedial mechanisms provided by tax law are inadequate remedies for his First Amendment claims. The Third Circuit has addressed this concern. In *Shreiber*, the Third Circuit noted that in even in a case where a plaintiff cannot recover completely absent a *Bivens* claim, the Supreme Court has explained that:

> where Congress has provided meaningful remedies we should exercise extreme caution in creating additional relief. As with the administration of welfare benefits, the organization of the tax system, and the balancing of governmental efficiency and individual rights, is best left to Congress.

> *Schweiker v. Chilicky*, 487 U.S. 412 at 429, 108 S.Ct. 2460, 101 L.Ed.2d 370).

Since it is clear that a *Bivens* action for alleged violations of constitutional rights should not be inferred against IRS agents, Plaintiff has failed to state a *Bivens* claim. The Court will, therefore, dismiss his claims pursuant to Fed.R.Civ.P. 12(b)(6).

### III. ORDER

AND NOW, therefore, **IT IS ORDERED THAT** Defendant's motion to dismiss (Doc. No. 12) is **GRANTED.** All other pending motions are **DENIED** as moot. The Clerk of Court shall close the file.

---

**5.** *see also Fishburn v. Brown*, 125 F.3d 979, 982–83 (6th Cir.1997); *Nat'l Commodity & Barter Ass'n. v. Archer*, 31 F.3d 1521, 1532 (10th Cir.1994); *Vennes v. Unknown Number of Unidentified Agents*, 26 F.3d 1448, 1453–54 (8th Cir.1994); *McMillen v. U.S. Dept. of Treasury*, 960 F.2d 187, 190–91 (1st Cir.1991) (dicta) (per curiam); *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir.1990); *Cameron v. I.R.S.*, 773 F.2d 126, 129–30.