David A. CATES; et al., Plaintiffs—
Appellants,

v.

Brent JOHNS; et al., Defendants—
Appellees.

No. 03–15886.

D.C. No. CV–02–00455–ECR/VPC.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 17, 2003.

David A. Cates, Elko, NV, Gisela Cates, Elko, NV, for Plaintiff–Appellant.

Virginia C. Lowe, U.S. Department of Justice, Tax Division, Washington, DC, Richard Farber, Esq., Marion E.M. Erickson, Esq., DOJ–U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Defendant–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before WARDLAW, BERZON and CLIFTON, Circuit Judges.

MEMORANDUM **

David A. Cates and Gisela Cates appeal pro se the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(1), (2) and (6) of the Cates's complaint against Brent Johns, a revenue officer with the Internal Revenue Service, for actions arising out of the attempted collection of the Cates's federal income tax liabilities in excess of $160,000.

The district court correctly substituted the United States as defendant in place of Johns, *Demery v. Kupperman,* 735 F.2d 1139, 1145–46 (9th Cir.1984), and determined that the action is barred by the doctrine of sovereign immunity, *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990). The district court also correctly determined that it lacked jurisdiction insofar as the Cates's complaint sought injunctive relief. 26 U.S.C. § 7421(a); *Sokolow v. United States,* 169 F.3d 663, 664–65 (9th Cir.1999) (no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court). In addition, the district court correctly determined that the complaint failed to state a claim upon which relief could be granted. 26 U.S.C. § 7432; 7433; *Shwarz v. United States,* 234 F.3d 428, 432–34 (9th Cir.2000).

We deny appellee's motion for sanctions.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).