**James Gregg FOUNTAIN,**
**Plaintiff–Appellant,**

v.

**James PRUETT; Susan Meredith;**
**Internal Revenue Service,**
**Defendants–Appellees.**

**No. 05–36043.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006 [*].

Filed Dec. 12, 2006.

James Gregg Fountain, Anchorage, AK, pro se.

John B. Snyder, III, Esq., U.S. Department of Justice Tax Division, Kenneth L. Greene, Esq., DOJ—U.S. Department of Justice Tax Division, Washington, DC, for Defendants–Appellees.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM [**]

James Gregg Fountain appeals pro se from the district court's judgment dismissing for lack of subject matter jurisdiction his action seeking to require the IRS and its employees to remove a tax lien and return taxes collected by levy on his

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

wages. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Steel v. United States,* 813 F.2d 1545, 1548 (9th Cir.1987) (dismissal based on sovereign immunity); *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir.2004) (dismissal of *Bivens* action). We affirm.

The district court properly dismissed Fountain's claims against the IRS based on sovereign immunity. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir. 1985) (a suit against IRS employees is essentially a suit against the United States). Additionally, Fountain's requests for injunctive relief were barred by the Anti–Injunction Act. *See* 26 U.S.C. § 7421(a) ("no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person"); *Sokolow v. United States,* 169 F.3d 663, 664–65 (9th Cir.1999).

**AFFIRMED.**