

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CASSANDRA GAIL JOHNSON; THE THOUTHZ FAMILY TRUST; BRYAN A. BUTHZ, as TRUSTEE, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant - Appellee, <br><br> FORESITE ESCROW INC., DOWNSTREAM EXCHANGE COMPANY, <br><br> Defendants. | No. 08-56517 <br><br> D.C. No. 2:07-CV-7214-JVS (PJW) <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted October 5, 2010[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

Before: CUDAHY,*** WARDLAW and W. FLETCHER, Circuit Judges.

The appellants Cassandra Gail Johnson, the Thouthz Family Trust ("Trust"), and Bryan A. Buthz ("Trustee") appeal the district court's grant of summary judgment on their quiet title, wrongful levy, and injunctive relief claims.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

I.

The district court did not err when it determined that Johnson lacked standing to bring a quiet title action. A plaintiff bringing a quiet title action involving real property must have a legal interest in the property. 28 U.S.C. § 2409(d); *Juarez v. Fed. Home Loan Mortg. Corp.*, No. 10-2542, 2010 WL 3035956, at *4 (C.D. Cal. Aug. 2, 2010); *Lechuza Villas West v. Cal. Coastal Comm'n*, 70 Cal. Rptr. 2d 399, 416 (Cal. Ct. App. 1997). Johnson failed to establish that she possesses an interest in the property at issue. Hence, she lacked standing to assert a quiet title claim.

II.

***    The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

[1]    We note that the spelling of the Trust and Trustee's names has varied throughout this litigation. For purposes of consistency, we have adopted the version of their names set forth in the briefs submitted to this court.

2

The district court did not err when it held that the Trust's and Trustee's wrongful levy claims were barred by the statute of limitations. The appellants' wrongful levy claims were filed on May 13, 2008, 27 days after the expiration of the statute of limitations. *See* I.R.C. § 6532(c)(1)-(2). In that connection, the appellants' claims do not relate back to the date of the original complaint because they have not established that their claims satisfy any of the conditions that would permit relation back. *See In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996) (stating that relation back in situations such as these is permissible "only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interest between the original and newly proposed plaintiff"); *Zinman v. Wal-Mart Stores, Inc.*, No. 09-02045, 2010 WL 2230449, at *2 (N.D. Cal. June 1, 2010) (same). Finally, Appellants' contention that the government failed to provide evidence establishing when the government took action sufficient to trigger the start of the statute of limitations clock is flatly contradicted by the record.

III.

3

The district court's determination that the Anti-Injunction Act stripped it of jurisdiction to hear the appellants' claims for injunctive relief was proper. 26 U.S.C. § 7421(a). Appellants failed to establish that their claims fall within the limited exception to the Anti-Injunction Act that we have recognized in *Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981), and subsequent cases. The appellants' conclusory and unsubstantiated allegations are insufficient to meet their burden of showing that there were no circumstances under which the government could prevail or that they would suffer irreparable harm absent injunctive relief. *See Sokolow v. United States*, 169 F.3d 663, 665 (9th Cir. 1999).

IV.

The district court did not abuse its discretion when it decided the United States' summary judgment motion without oral argument. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

AFFIRMED.