**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK CLARK, | No. 10-16355 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00426-LJO-SMS |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 19, 2011**

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Jack Clark appeals pro se from the district court judgment dismissing his

action for damages, declaratory relief, and injunctive relief for alleged statutory

violations related to the assessment and collection of income tax by the Internal

Revenue Service ("IRS"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo the district court's dismissal for lack of jurisdiction or for failure to state a claim. *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000); *Farr v. United States*, 990 F.2d 451, 453 (9th Cir. 1993). We affirm.

Clark's quiet title claim challenges both the procedural validity of the tax liens and the merits of the underlying assessments. The district court correctly concluded that Clark could not use a quiet title claim to challenge the assessments' merits. *See Hughes v. United States*, 953 F.2d 531, 538 (9th Cir. 1992). As for Clark's procedural claims, the district court correctly found that the government had established the tax assessments were proper.

Clark next contends that the district court erred in dismissing the several claims which asserted that the IRS's collection activity involved statutory violations. We disagree. He alleged jurisdiction under 26 U.S.C. § 7433, but the district court did not have jurisdiction over Clark's claims pursuant to that provision, because Clark did not exhaust administrative remedies as required by § 7433(d)(1). *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1993).[1]

---

[1]     Even if the failure to exhaust administrative remedies is not technically jurisdictional, *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006), dismissal for failure to exhaust was still proper. *See Morrison v. Nat'l Austl. Bank Ltd.*, __ U.S. __, __, 130 S. Ct. 2869, 2877 (2010); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 997–98 (9th Cir. 2010).

2

At a minimum, Clark failed to include all the information required by 26 C.F.R. § 301.7433–1(e)(2)(i) in the administrative claims that he sent to the IRS.[2]

Clark then contends that his claim for unauthorized disclosure of his tax return information pursuant to 26 U.S.C. § 6103 should not have been dismissed because the disclosures in notices of lien and levy were not authorized. Where a violation of § 6103 is alleged in connection with tax collection activities, § 7433 is the applicable provision granting jurisdiction. *Shwarz*, 234 F.3d at 432–33. Again, because Clark failed to exhaust administrative remedies, dismissal of this claim was proper.[3] There was no error.

Clark finally contends that the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, grants the district court jurisdiction over his claim for a violation of 26 U.S.C. § 6331(a). Again, we disagree. The APA does not confer subject matter jurisdiction and does not supersede statutory limitations on district court jurisdiction. 5 U.S.C. § 702; *Califano v. Sanders*, 430 U.S. 99, 107 (1977);

---

[2] Clark also did not exhaust administrative remedies for his claims related to the IRS's failure to release tax liens in response to his demands. *See* 26 U.S.C. § 7432(d)(1); 26 C.F.R. § 301.7432–1(f)(1) & (2)(i).

[3] The district court also correctly concluded that Clark did not state a claim for relief based on the disclosures in those notices. *See* 26 C.F.R. § 301.6103(k)(6)–1(a)(1)(vi), (c)(2); *Huff v. United States*, 10 F.3d 1440, 1447 (9th Cir. 1993).

3

*Lee v. Blumenthal*, 588 F.2d 1281, 1283 (9th Cir. 1979). Two such limitations apply to bar the injunctive and declaratory relief Clark seeks in this claim.[4] 26 U.S.C. § 7421(a); 28 U.S.C. § 2201(a); *Sokolow v. United States*, 169 F.3d 663, 664–65 (9th Cir. 1999); *Hutchinson v. United States*, 677 F.2d 1322, 1326–27 (9th Cir. 1982).

**AFFIRMED.**

---

[4] Clark's claim would fail on the merits, in any event. *Maisano v. Welcher*, 940 F.2d 499, 502 (9th Cir. 1991).