**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MICHAEL CAREY and LEONE CAREY, <br><br> Debtors, <br><br> ———————————— <br><br> MICHAEL CAREY and LEONE CAREY, <br><br> Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Appellee. | No. 11-60001 <br><br> BAP No. 10-1017 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Hollowell, and Montali, Bankruptcy Judges, Presiding

Submitted September 19, 2012[**]

Before:    LEAVY, HAWKINS, and HURWITZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Michael and Leone Carey appeal pro se from the Bankruptcy Appellate Panel's order affirming the bankruptcy court's order dismissing the Careys' adversary proceeding for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a dismissal for lack of subject matter jurisdiction. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). We affirm.

The bankruptcy court properly dismissed the Careys' adversary proceeding seeking to enjoin the government from collecting federal tax liabilities because, under the Anti Injunction Act, the court lacked jurisdiction over the proceeding. *See* 26 U.S.C. § 7421(a) (unless permitted by statute, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person"); *Sokolow v. United States*, 169 F.3d 663, 665 (9th Cir. 1999) (an action that does not fall within one of the limited exceptions to the Anti Injunction Act "must be dismissed for lack of subject matter jurisdiction"); *Maxfield v. U.S. Postal Serv.*, 752 F.2d 433, 434 (9th Cir. 1984) (the Anti Injunction Act is "strictly enforced").

The Careys' contentions that the bankruptcy court discharged their tax liability and that the bankruptcy court failed to protect its judgment from collateral

11-60001

attack from the district court are unsupported by the record.

**AFFIRMED.**